## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

YURY GRENADYOR, individually, and
on behalf of all others similarly situated,

      Plaintiff,

v.

SN SERVICING CORPORATION,

      Defendant.

Case No. 1:21-cv-02980

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, YURY GRENADYOR, individually, and on behalf of all others

similarly situated, through undersigned counsel, pursuant to Fed. R. Civ. P. 23, complaining of

Defendant, SN SERVICING CORPORATION, as follows

## NATURE OF ACTION

1.    This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as

well as on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Regulation X, which

implements the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. §

1024 *et seq.*; and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),

815 ILCS 505/1 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4.     YURY GRENADYOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 9009 Golf Road, Unit 5H, Des Plaines, Illinois 60016.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Plaintiff is a "person" as defined by 12 U.S.C. § 2602(5).

7.     Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

8.     Plaintiff is a "consumer" as defined by 815 ILCS 505/1(e).

9.     SN SERVICING CORPORATION ("Defendant") is a corporation organized and existing under the laws of the state of Alaska.

10.     Defendant has its principal place of business at 13702 Coursey Boulevard, Building 1A, Baton Rouge, Louisiana 70817.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13.     Defendant is a "person" as defined by 12 U.S.C. § 2602(5).

14.     Defendant is a "servicer" as defined by 12 C.F.R. § 1024.2(b).

15.     Defendant is engaged in "commerce" as defined by 815 ILCS 505/1(f).

## FACTUAL ALLEGATIONS

16.     On February 22, 2008, Plaintiff executed a mortgage in favor of Open Mortgage, LLC  (the "Mortgage").

17.     The Mortgage secured the purchase of Plaintiff's personal residence located at 9009 Golf Road, Unit 5H, Des Plaines, Illinois 60016 (the "Property").

2

18.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $154,000.00 (the "Loan").

19.     The Mortgage is a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

20.     The Note provides that "I will pay principal and interest by making a payment every month."

21.     The Note further provides that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest."

22.     On September 1, 2017, Plaintiff defaulted on the Note by failing to make monthly payments.

23.     On November 21, 2018, the Loan was assigned, sold, or transferred to U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust.

24.     The servicing of the Loan, was assigned, sold, or transferred from Seterus, Inc. to Defendant, effective January 7, 2019.

3

25.     Defendant mailed Plaintiff a Subsequent Interest Rate Adjustment Notice, dated

January 17, 2019, providing, in part:

| Changes to Your Mortgage Interest Rate and Payments on March 1, 2019 | | |
|---|---|---|
| Under the terms of your Adjustable-Rate Mortgage (ARM), you had a one-year period during which your interest rate stayed the same.  That period ends on March 1, 2019, so on that date your interest rate and mortgage payment change.  After that, your interest rate may change annually for the rest of your loan term. | | |
|  | **Current** Rate and Monthly Payment | **New** Rate and Monthly Payment |
| Interest Rate | 4.375% | 5.250% |
| **Total Monthly Payment** | **$876.12** | **$933.57 (due April 1, 2019** |

26.     The Subsequent Interest Rate Adjustment Notice dated January 17, 2019, informed

Plaintiff his new monthly payment was $933.57—effective April 1, 2019.

4

27.    Defendant mailed Plaintiff an Account Statement, dated March 6, 2019, providing, in part:

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments.**   Failure to bring your loan current may result in fees and foreclosure— the loss of your home.  As of March 6, 2019, you are 550 days delinquent on your mortgage loan.  This is your ***Recent Account History***: |
| • Payment due 10/01/2018 |
| • Payment due 11/01/2018 |
| • Payment due 12/01/2018 |
| • Payment due 01/01/2019 |
| • Payment due 02/01/2019 |
| • Payment due 03/01/2019 |
| • Current payment due 04/01/2019: $1,020.96 |

\*\*\*

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 3/1/2019 | $6,031.41 | $7,926.63 | $2,885.76 | $0.00 | $16,843.80 |
| 4/1/2019 | $310.92 | $530.30 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $18,715.91 |
| Total Fees and Charges | | | | | $3,155.32 |
| Total Amount Due | | | | | $21,971.23 |

28.    The Account Statement, dated March 6, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

29.    Defendant mailed Plaintiff an Account Statement, dated April 3, 2019, providing, in part:

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments.**   Failure to bring your loan current may result in fees and foreclosure— the loss of your home.  As of April 3, 2019, you are 578 days delinquent on your mortgage loan.  This is your ***Recent Account History***: |
| • Payment due 11/01/2018 |
| • Payment due 12/01/2018 |
| • Payment due 01/01/2019 |
| • Payment due 02/01/2019 |
| • Payment due 03/01/2019 |
| • Payment due 04/01/2019 |
| • Current payment due 05/01/2019: $1,020.96 |

\*\*\*

5

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 4/1/2019 | $6,342.33 | $8,456.93 | $3,065.50 | $0.00 | $17,864.76 |
| 5/1/2019 | $312.28 | $528.94 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $19,736.87 |
| Total Fees and Charges | | | | | $1,836.11 |
| Total Amount Due | | | | | $21,572.98 |

30.     The Account Statement, dated April 3, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

31.     Defendant mailed Plaintiff an Account Statement, dated May 8, 2019, providing, in part:

| Delinquency Notice |
|---|
| **You are late on your mortgage payments.**   Failure to bring your loan current may result in fees and foreclosure— the loss of your home.  As of May 8, 2019, you are 613 days delinquent on your mortgage loan.  This is your *Recent Account History*: |
| • Payment due 12/01/2018 |
| • Payment due 01/01/2019 |
| • Payment due 02/01/2019 |
| • Payment due 03/01/2019 |
| • Payment due 04/01/2019 |
| • Payment due 05/01/2019 |
| • Current payment due 06/01/2019: $1,020.96 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 5/1/2019 | $6,654.61 | $8,985.87 | $3,245.24 | $0.00 | $18,885.72 |
| 6/1/2019 | $313.62 | $527.57 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $20,757.83 |
| Total Fees and Charges | | | | | $1,878.17 |
| Total Amount Due | | | | | $22,636.00 |

32.     The Account Statement, dated May 8, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

33.     Defendant mailed Plaintiff an Account Statement, dated June 5, 2019, providing, in part:

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of June 5, 2019, you are 641 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*:<br>• Payment due 01/01/2019<br>• Payment due 02/01/2019<br>• Payment due 03/01/2019<br>• Payment due 04/01/2019<br>• Payment due 05/01/2019<br>• Payment due 06/01/2019<br>• Current payment due 07/01/2019: $1,020.96 |

*** 

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 6/1/2019 | $6,968.26 | $9,513.44 | $3,424.98 | $0.00 | $19,906.68 |
| 7/1/2019 | $315.02 | $526.20 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $21,778.79 |
| Total Fees and Charges | | | | | $1,920.23 |
| Total Amount Due | | | | | $23,699.02 |

34.     The Account Statement, dated June 5, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

35.     Defendant mailed Plaintiff an Account Statement, dated July 3, 2019, providing, in part:

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of July 3, 2019, you are 669 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*:<br>• Payment due 02/01/2019<br>• Payment due 03/01/2019<br>• Payment due 04/01/2019<br>• Payment due 05/01/2019<br>• Payment due 06/01/2019<br>• Payment due 07/01/2019<br>• Current payment due 08/01/2019: $1,020.96 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 7/1/2019 | $7,283.28 | $10,039.64 | $3,604.72 | $0.00 | $20,972.64 |
| 8/1/2019 | $316.40 | $524.82 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $22,799.75 |
| Total Fees and Charges | | | | | $1,962.29 |
| Total Amount Due | | | | | $24,762.04 |

36.     The Account Statement, dated July 3, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

37.     Defendant mailed Plaintiff an Account Statement, dated August 7, 2019, providing, in part:

| Delinquency Notice |
|---|
| **You are late on your mortgage payments.**  Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of August 7, 2019, you are 704 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your ***Recent Account History***:<br>•    Payment due 03/01/2019<br>•    Payment due 04/01/2019<br>•    Payment due 05/01/2019<br>•    Payment due 06/01/2019<br>•    Payment due 07/01/2019<br>•    Payment due 08/01/2019<br>•    Current payment due 09/01/2019: $1,020.96 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 8/1/2019 | $7,599.68 | $10,564.46 | $3,784.46 | $0.00 | $21,948.60 |
| 9/1/2019 | $317.78 | $523.44 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $23,820.71 |
| Total Fees and Charges | | | | | $2,004.35 |
| Total Amount Due | | | | | $25,825.06 |

38.     The Account Statement, dated August 7, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

39.     Defendant mailed Plaintiff an Account Statement, dated September 4, 2019, providing, in part:

| Delinquency Notice |
|---|
| **You are late on your mortgage payments.**   Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of September 4, 2019, you are 732 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your ***Recent Account History***:<br>• Payment due 04/01/2019<br>• Payment due 05/01/2019<br>• Payment due 06/01/2019<br>• Payment due 07/01/2019<br>• Payment due 08/01/2019<br>• Payment due 09/01/2019<br>• Current payment due 10/01/2019: $1,020.96 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 9/1/2019 | $7,917.46 | $11,087.90 | $3,964.20 | $0.00 | $22,969.56 |
| 10/1/2019 | $319.17 | $522.05 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $24,841.67 |
| Total Fees and Charges | | | | | $2,046.41 |
| Total Amount Due | | | | | $26,888.08 |

40.     The Account Statement, dated September 4, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

41.     Defendant mailed Plaintiff an Account Statement, dated October 2, 2019, providing, in part:

| Delinquency Notice |
|---|
| **You are late on your mortgage payments.**   Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of October 2, 2019, you are 760 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your ***Recent Account History***:<br>• Payment due 05/01/2019<br>• Payment due 06/01/2019<br>• Payment due 07/01/2019<br>• Payment due 08/01/2019<br>• Payment due 09/01/2019<br>• Payment due 10/01/2019<br>• Current payment due 11/01/2019: $1,020.96 |

9

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 10/1/2019 | $8,236.63 | $11,609.95 | $4,143.94 | $0.00 | $23,990.52 |
| 11/1/2019 | $320.57 | $520.65 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $25,862.63 |
| Total Fees and Charges | | | | | $2,046.41 |
| Total Amount Due | | | | | $27,909.04 |

42.     The Account Statement, dated October 2, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

43.     Defendant mailed Plaintiff an Account Statement, dated November 6, 2019, providing, in part:

**Delinquency Notice**

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of November 6, 2019, you are 795 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*:
- Payment due 06/01/2019
- Payment due 07/01/2019
- Payment due 08/01/2019
- Payment due 09/01/2019
- Payment due 10/01/2019
- Payment due 11/01/2019
- Current payment due 12/01/2019: $1,020.96

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 11/1/2019 | $8,557.20 | $12,130.60 | $4,232.68 | $0.00 | $25,011.48 |
| 12/1/2019 | $321.97 | $519.25 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $26,883.59 |
| Total Fees and Charges | | | | | $2,130.53 |
| Total Amount Due | | | | | $29,014.12 |

44.     The Account Statement, dated November 6, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

10

45.     Defendant mailed Plaintiff a Notice of Attempt to Collect Debt, dated November 21, 2019, providing, in part:

> This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$29,056.18** on or before December 21, 2019 (of if said date falls on a Saturday, Sunday, or legal Holiday, then on the first business day thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.

46.     Defendant mailed Plaintiff an Account Statement, dated December 4, 2019, providing, in part:

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments.  Your account has been referred to an attorney to initiate a foreclosure action.**  Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of December 4, 2019, you are 823 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your ***Recent Account History***:<br>• Payment due 07/01/2019<br>• Payment due 08/01/2019<br>• Payment due 09/01/2019<br>• Payment due 10/01/2019<br>• Payment due 11/01/2019<br>• Payment due 12/01/2019<br>• Current payment due 01/01/2020: $1,020.96 |

*** 

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 12/1/2019 | $8,879.17 | $12,649.85 | $4,503.42 | $0.00 | $26,032.44 |
| 1/1/2020 | $323.38 | $517.84 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $27,904.55 |
| Total Fees and Charges | | | | | $2,172.59 |
| Total Amount Due | | | | | $30,077.14 |

47.     The Account Statement, dated December 4, 2019, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

48.     Plaintiff did not pay the full amount of $29,056.18 on or before December 21, 2019.

49.     Accordingly, on December 21, 2019, Defendant accelerated all the payments owing under the Loan.

50.     Once Plaintiff's Loan was accelerated, the Plaintiff's entire Loan balance was due—in other words, no further monthly payments became due.

51.     Defendant was therefore not required to incur administrative expenses in handling late payments.

52.     Defendant mailed Plaintiff an Account Statement, dated January 8, 2020, providing, in part:

| Account Information—Statement Date: 1/8/2020 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **2/1/2020** |
| **Total Amount Due** | **$31,140.16** |
| $42.06 late fee may be charged on or after 2/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2020) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$1,743.44 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of January 8, 2020, you are 858 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*: |
| • Payment due 08/01/2019 |
| • Payment due 09/01/2019 |
| • Payment due 10/01/2019 |
| • Payment due 11/01/2019 |
| • Payment due 12/01/2019 |
| • Payment due 01/01/2020 |
| • Current payment due 02/01/2020: $1,020.96 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – | $9,202.55 | $13,167.69 | $4,683.16 | $0.00 | $27,053.40 |

12

| 1/1/2020 | | | | | |
|---|---|---|---|---|---|
| 2/1/2020 | $324.79 | $516.43 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $28,925.51 |
| Total Fees and Charges | | | | | $2,214.65 |
| Total Amount Due | | | | | $31,140.16 |

***

| Transaction Activity (12/5/2019 to 1/8/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 12/12/2019 | Late Charge Assessment | $42.06 | |

53. The Account Statement, dated January 8, 2020, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

54. A $42.06 late fee was assessed to Plaintiff's Loan on January 14, 2020.

55. Defendant mailed Plaintiff a Subsequent Interest Rate Adjustment Notice, dated January 21, 2020, providing, in part:

**Changes to Your Mortgage Interest Rate and Payments on March 1, 2020**

**Under the terms of your Adjustable-Rate Mortgage (ARM), you had a one-year period during which your interest rate stayed the same. That period ends on March 1, 2020, so on that date your interest rate and mortgage payment change. After that, your interest rate may change annually for the rest of your loan term.**

| | **Current** Rate and Monthly Payment | **New** Rate and Monthly Payment |
|---|---|---|
| Interest Rate | 5.250% | 4.250% |
| **Total Monthly Payment** | **$1,020.96** | **$958.25 (due April 1, 2020** |

56. The Subsequent Interest Rate Adjustment Notice dated January 21, 2020, informed Plaintiff his new monthly payment was $958.25—effective April 1, 2020.

13

57. Defendant mailed Plaintiff an Account Statement, dated February 5, 2020, providing, in part:

| Account Information—Statement Date: 2/5/2020 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 3/1/2020 |
| **Total Amount Due** | **$32,203.18** |
| $42.06 late fee may be charged on or after 3/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$1,743.44 |

***

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of February 5, 2020, you are 886 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*: |
| • Payment due 09/01/2019 |
| • Payment due 10/01/2019 |
| • Payment due 11/01/2019 |
| • Payment due 12/01/2019 |
| • Payment due 01/01/2020 |
| • Payment due 02/01/2020 |
| • Current payment due 03/01/2020: $1,020.96 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 2/1/2020 | $9,527.34 | $13,684.12 | $4,862.90 | $0.00 | $28,074.36 |
| 3/1/2020 | $326.22 | $515.00 | $179.74 | $0.00 | $1,020.96 |
| Total Payments Due | | | | | $29,946.47 |
| Total Fees and Charges | | | | | $2,256.71 |
| Total Amount Due | | | | | $32,203.18 |

***

| Transaction Activity (1/9/2020 to 2/5/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 1/14/2020 | Late Charge Assessment | $42.06 | |

14

58. The Account Statement, dated February 5, 2020, incorrectly indicated Plaintiff's monthly payment to be $1,020.96.

59. A $42.06 late fee was assessed to Plaintiff's Loan on February 12, 2020.

60. Defendant mailed Plaintiff an Account Statement, dated March 4, 2020, providing, in part:

| Account Information—Statement Date: 3/4/2020 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 4/1/2020 |
| **Total Amount Due** | **$33,953.49** |
| $38.93 late fee may be charged on or after 4/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$1,743.44 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of March 4, 2020, you are 914 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***: |
| • Payment due 10/01/2019 |
| • Payment due 11/01/2019 |
| • Payment due 12/01/2019 |
| • Payment due 01/01/2019 |
| • Payment due 02/01/2019 |
| • Payment due 03/01/2020 |
| • Current payment due 04/01/2020: $958.25 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 3/1/2020 | $9,853.56 | $14,199.12 | $5,042.64 | $0.00 | $29,095.32 |
| 4/1/2020 | $362.76 | $415.75 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $30,904.72 |
| Total Fees and Charges | | | | | $3,048.77 |
| Total Amount Due | | | | | $33,953.49 |

\*\*\*

15

| Transaction Activity (1/9/2020 to 2/5/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 2/12/2020 | Late Charge Assessment | $42.06 | |
| 2/13/2020 | County Tax Disbursement | | -$959.29 |
| 2/25/2020 | Foreclosure Expense Assessment | $525.00 | |
| 3/4/2020 | Foreclosure Expense Assessment | $225.00 | |

61.     The Account Statement, dated March 4, 2020, stated that *"$38.93 late fee may be charged on or after 4/12/2020*."

62.     A $42.06 late fee was assessed to Plaintiff's Loan on March 12, 2020.

63.     Defendant mailed Plaintiff an Account Statement, dated April 8, 2020, providing, in part:

| Account Information—Statement Date: 4/8/2020 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 5/1/2020 |
| **Total Amount Due** | **$34,953.80** |
| $38.93 late fee may be charged on or after 5/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$2,702.73 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of April 8, 2020, you are 949 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*: |
| • Payment due 11/01/2019<br>• Payment due 12/01/2019<br>• Payment due 01/01/2020<br>• Payment due 02/01/2020<br>• Payment due 03/01/2020<br>• Payment due 04/01/2020<br>• Current payment due 05/01/2020: $958.25 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |

16

| 10/1/2017 – 4/1/2020 | $10,216.32 | $14,614.87 | $5,222.38 | $0.00 | $30,053.57 |
|---|---|---|---|---|---|
| 5/1/2020 | $364.04 | $414.47 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $31,862.97 |
| Total Fees and Charges | | | | | $3,090.83 |
| Total Amount Due | | | | | $34,953.80 |

\*\*\*

| Transaction Activity (3/5/2020 to 4/8/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 3/12/2020 | Late Charge Assessment | $42.06 | |

64. The Account Statement, dated April 8, 2020, stated that *"$38.93 late fee may be charged on or after 5/12/2020."*

65. Defendant mailed Plaintiff an Account Statement, dated May 6, 2020, providing, in part:

| Account Information—Statement Date: 5/6/2020 | |
|---|---|
| Account Number | **[REDACTED]** |
| Payment Due Date | **6/1/2020** |
| **Total Amount Due** | **$35,912.05** |
| $38.93 late fee may be charged on or after 6/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$2,702.73 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of May 6, 2020, you are 977 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*: |
| • Payment due 12/01/2019 |
| • Payment due 01/01/2020 |
| • Payment due 02/01/2020 |
| • Payment due 03/01/2020 |
| • Payment due 04/01/2020 |
| • Payment due 05/01/2020 |
| • Current payment due 06/01/2020: $958.25 |

\*\*\*

17

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 5/1/2020 | $10,580.36 | $15,029.34 | $5,402.12 | $0.00 | $31,011.82 |
| 6/1/2020 | $365.33 | $413.18 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $32,821.22 |
| Total Fees and Charges | | | | | $3,090.83 |
| Total Amount Due | | | | | $35,912.05 |

*\*\**

| Transaction Activity (4/9/2020 to 5/6/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 4/14/2020 | Late Charge Assessment | $38.93 | |
| 4/14/2020 | Late Charge Waiver | -$38.93 | |

66. The Account Statement, dated May 6, 2020, stated that *"$38.93 late fee may be charged on or after 6/12/2020*."

67. Defendant mailed Plaintiff an Account Statement, dated June 3, 2020, providing, in part:

| Account Information—Statement Date: 6/3/2020 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **7/1/2020** |
| **Total Amount Due** | **$36,870.30** |
| $38.93 late fee may be charged on or after 7/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$2,702.73 |

*\*\**

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of June 3, 2020, you are 1005 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***: <br>• Payment due 01/01/2020 <br>• Payment due 02/01/2020 <br>• Payment due 03/01/2020 <br>• Payment due 04/01/2020 <br>• Payment due 05/01/2020 <br>• Payment due 06/01/2020 <br>• Current payment due 07/01/2020: $958.25 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 6/1/2020 | $10,945.69 | $15,442.52 | $5,581.86 | $0.00 | $31,970.07 |
| 7/1/2020 | $366.62 | $411.89 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $33,779.47 |
| Total Fees and Charges | | | | | $3,090.83 |
| Total Amount Due | | | | | $36,870.30 |

\*\*\*

| Transaction Activity (5/7/2020 to 6/3/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 5/12/2020 | Late Charge Assessment | $38.93 | |
| 5/12/2020 | Late Charge Waiver | -$38.93 | |

68. The Account Statement, dated June 3, 2020, stated that *"$38.93 late fee may be charged on or after 7/12/2020."*

69. Defendant mailed Plaintiff an Account Statement, dated July 8, 2020, providing, in part:

| Account Information—Statement Date: 7/8/2020 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **8/1/2020** |
| **Total Amount Due** | **$37,828.55** |
| $38.93 late fee may be charged on or after 8/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$2,702.73 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of July 8, 2020, you are 1040 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your **Recent Account History**:<br>• Payment due 02/01/2020<br>• Payment due 03/01/2020<br>• Payment due 04/01/2020<br>• Payment due 05/01/2020 |

- Payment due 06/01/2020
- Payment due 07/01/2020
- Current payment due 08/01/2020: $958.25

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 7/1/2020 | $11,312.31 | $15,854.41 | $5,761.60 | $0.00 | $32,928.32 |
| 8/1/2020 | $367.92 | $410.59 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $34,737.72 |
| Total Fees and Charges | | | | | $3,090.83 |
| Total Amount Due | | | | | $37,828.55 |

\*\*\*

| Transaction Activity (6/4/2020 to 7/8/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| | No transaction detail | | |

70.     The Account Statement, dated July 8, 2020, stated that *"$38.93 late fee may be charged on or after 8/12/2020*."

71.     Defendant mailed Plaintiff an Account Statement, dated August 5, 2020, providing, in part:

| Account Information—Statement Date: 8/5/2020 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **9/1/2020** |
| **Total Amount Due** | **$39,761.80** |
| $38.93 late fee may be charged on or after 9/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of August 5, 2020, you are 1068 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***:<br>• Payment due 03/01/2020 |

20

- Payment due 04/01/2020
- Payment due 05/01/2020
- Payment due 06/01/2020
- Payment due 07/01/2020
- Payment due 08/01/2020
- Current payment due 09/01/2020: $958.25

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 8/1/2020 | $11,680.23 | $16,265.00 | $5,941.34 | $0.00 | $33,886.57 |
| 9/1/2020 | $369.23 | $409.28 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $35,695.97 |
| Total Fees and Charges | | | | | $4,065.83 |
| Total Amount Due | | | | | $39,761.80 |

\*\*\*

| Transaction Activity (7/9/2020 to 8/5/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 7/14/2020 | County Tax Disbursement | | -$2,065.54 |
| 7/27/2020 | Foreclosure Expense Assessment | $75.00 | |
| 8/3/2020 | Legal Fee Assessment | $900.00 | |

72.     The Account Statement, dated August 5, 2020, stated that *"$38.93 late fee may be charged on or after 9/12/2020*."

73.     Defendant mailed Plaintiff an Account Statement, dated September 2, 2020, providing, in part:

| Account Information—Statement Date: 9/2/2020 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **10/1/2020** |
| **Total Amount Due** | **$42,047.15** |
| $38.93 late fee may be charged on or after 10/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may |

21

result in fees and foreclosure—the loss of your home. As of September 2, 2020, you are 1096 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*:
- Payment due 04/01/2020
- Payment due 05/01/2020
- Payment due 06/01/2020
- Payment due 07/01/2020
- Payment due 08/01/2020
- Payment due 09/01/2020
- Current payment due 10/01/2020: $958.25

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 9/1/2020 | $12,049.46 | $16,674.28 | $6,121.08 | $0.00 | $34,844.82 |
| 10/1/2020 | $370.53 | $407.98 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $36,654.22 |
| Total Fees and Charges | | | | | $5,392.93 |
| Total Amount Due | | | | | $42,047.15 |

\*\*\*

| Transaction Activity (8/5/2020 to 9/2/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 8/14/2020 | Foreclosure Expense Assessment | $502.10 | |
| 8/14/2020 | Legal Fee Assessment | $600.00 | |
| 8/14//2020 | Legal Fee Assessment | $225.00 | |

74.     The Account Statement, dated September 2, 2020, stated that *"$38.93 late fee may be charged on or after 10/12/2020."*

75.     Defendant mailed Plaintiff an Account Statement, dated October 7, 2020, providing, in part:

| Account Information—Statement Date: 10/7/2020 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 11/1/2020 |
| **Total Amount Due** | **$43,005.40** |
| $38.93 late fee may be charged on or after 11/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

22

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of October 7, 2020, you are 1131 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***: <ul><li>Payment due 05/01/2020</li><li>Payment due 06/01/2020</li><li>Payment due 07/01/2020</li><li>Payment due 08/01/2020</li><li>Payment due 09/01/2020</li><li>Payment due 10/01/2020</li><li>Current payment due 11/01/2020: $958.25</li></ul> |

\*\*\*

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 10/1/2020 | $12,419.99 | $17,082.26 | $6,300.82 | $0.00 | $35,803.07 |
| 11/1/2020 | $371.85 | $406.66 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $37,612.47 |
| Total Fees and Charges | | | | | $5,392.93 |
| Total Amount Due | | | | | $43,005.40 |

\*\*\*

| Transaction Activity (9/3/2020 to 10/7/2020) | | | |
| --- | --- | --- | --- |
| Date | Description | Charges | Escrow |
| | No transaction detail | | |

76.     The Account Statement, dated October 7, 2020, stated that *"$38.93 late fee may be charged on or after 11/12/2020*."

77.     Defendant mailed Plaintiff an Account Statement, dated November 4, 2020, providing, in part:

| Account Information—Statement Date: 11/4/2020 | |
| --- | --- |
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **12/1/2020** |
| **Total Amount Due** | **$44,141.15** |
| $38.93 late fee may be charged on or after 12/12/2020 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of November 4, 2020, you are 1159 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***:<br>• Payment due 06/01/2020<br>• Payment due 07/01/2020<br>• Payment due 08/01/2020<br>• Payment due 09/01/2020<br>• Payment due 10/01/2020<br>• Payment due 11/01/2020<br>• Current payment due 12/01/2020: $958.25 |

\*\*\*

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 11/1/2020 | $12,791.84 | $17,488.92 | $6,480.56 | $0.00 | $36,761.32 |
| 12/1/2020 | $371.85 | $406.66 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $38,570.72 |
| Total Fees and Charges | | | | | $5,570.43 |
| Total Amount Due | | | | | $44,141.15 |

\*\*\*

| Transaction Activity (10/8/2020 to 11/4/2020) | | | |
| --- | --- | --- | --- |
| Date | Description | Charges | Escrow |
| 10/13/2020 | Late Charge Assessment | $38.93 | |
| 10/13/2020 | Late Charge Waiver | -$38.93 | |
| 11/3/2020 | Foreclosure Expense Assessment | $75.00 | |
| 11/3/2020 | Legal Fee Assessment | $102.50 | |

78.     The Account Statement, dated November 4, 2020, stated that *"$38.93 late fee may be charged on or after 12/12/2020."*

79.     Defendant mailed Plaintiff an Account Statement, dated December 2, 2020, providing, in part:

| Account Information—Statement Date: 12/2/2020 | |
| --- | --- |
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **1/1/2021** |
| **Total Amount Due** | **$45,099.40** |
| $38.93 late fee may be charged on or after 1/12/2021 | |
| Outstanding Principal | $127,576.29 |

24

| | This is not the amount to pay off your loan |
|---|---|
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of December 2, 2020, you are 1187 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your *Recent Account History*:<br>• Payment due 07/01/2020<br>• Payment due 08/01/2020<br>• Payment due 09/01/2020<br>• Payment due 10/01/2020<br>• Payment due 11/01/2020<br>• Payment due 12/01/2020<br>• Current payment due 01/01/2021: $958.25 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 12/1/2020 | $13,165.00 | $17,894.27 | $6,660.30 | $0.00 | $37,719.57 |
| 1/1/2021 | $371.85 | $406.66 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $39,528.97 |
| Total Fees and Charges | | | | | $5,570.43 |
| Total Amount Due | | | | | $45,099.40 |

\*\*\*

| Transaction Activity (11/5/2020 to 12/2/2020) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 11/12/2020 | Late Charge Assessment | $38.93 | |
| 11/12/2020 | Late Charge Waiver | -$38.93 | |

80.    The Account Statement, dated December 2, 2020, stated that *"$38.93 late fee may be charged on or after 1/12/2021.*"

81.    On December 12, 2020, a $38.93 late fee was assessed to Plaintiff's Loan.

82.    Defendant mailed Plaintiff an Account Statement, dated January 6, 2021, providing, in part:

| Account Information—Statement Date: 1/6/2021 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 2/1/2021 |
| **Total Amount Due** | **$46,296.58** |
| $38.93 late fee may be charged on or after 2/12/2021 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of January 6, 2021, you are 1222 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your *Recent Account History*: |
| <ul><li>Payment due 08/01/2020</li><li>Payment due 09/01/2020</li><li>Payment due 10/01/2020</li><li>Payment due 11/01/2020</li><li>Payment due 12/01/2020</li><li>Payment due 01/01/2021</li><li>Current payment due 02/01/2021: $958.25</li></ul> |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 1/1/2020 | $13,539.48 | $18,298.30 | $6,840.04 | $0.00 | $38,677.82 |
| 2/1/2021 | $375.81 | $402.70 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $40,487.22 |
| Total Fees and Charges | | | | | $5,809.36 |
| Total Amount Due | | | | | $46,296.58 |

\*\*\*

| Transaction Activity (12/3/2020 to 1/6/2021) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 12/12/2020 | Late Charge Assessment | $38.93 | |
| 1/4/2021 | Legal Fee Assessment | $200.00 | |

83.    The Account Statement, dated January 6, 2021, stated that *"$38.93 late fee may be charged on or after 2/12/2021."*

84.    On January 12, 2021, a $38.93 late fee was assessed to Plaintiff's Loan.

85.     Defendant mailed Plaintiff an Account Statement, dated February 3, 2021, providing, in part:

| Account Information—Statement Date: 2/3/2021 | |
| --- | --- |
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **3/1/2021** |
| **Total Amount Due** | **$47,293.76** |
| $38.93 late fee may be charged on or after 3/12/2021 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2021) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$4,768.27 |

\*\*\*

| Delinquency Notice |
| --- |
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home.  As of February 3, 2021, you are 1250 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017.  This is your ***Recent Account History***: <ul><li>Payment due 09/01/2020</li><li>Payment due 10/01/2020</li><li>Payment due 11/01/2020</li><li>Payment due 12/01/2020</li><li>Payment due 01/01/2021</li><li>Payment due 02/01/2021</li><li>Current payment due 03/01/2021: $958.25</li></ul> |

\*\*\*

| Explanation of Amount Due | | | | | |
| --- | --- | --- | --- | --- | --- |
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 2/1/2020 | $13,915.29 | $18,701.00 | $7,019.78 | $0.00 | $39,636.07 |
| 3/1/2021 | $377.14 | $401.37 | $179.74 | $0.00 | $958.25 |
| Total Payments Due | | | | | $41,445.47 |
| Total Fees and Charges | | | | | $5,848.29 |
| Total Amount Due | | | | | $47,293.76 |

\*\*\*

| Transaction Activity (1/7/2021 to 2/3/2021) | | | |
| --- | --- | --- | --- |
| Date | Description | Charges | Escrow |
| 1/12/2021 | Late Charge Assessment | $38.93 | |

27

86.     The Account Statement, dated February 3, 2021, stated that *"$38.93 late fee may be charged on or after 3/12/2021."*

87.     On February 12, 2021, a $38.93 late fee was assessed to Plaintiff's Loan.

88.     Defendant mailed Plaintiff an Account Statement, dated March 3, 2021, providing, in part:

| Account Information—Statement Date: 3/3/2021 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 4/1/2021 |
| **Total Amount Due** | **$48,499.40** |
| $34.35 late fee may be charged on or after 4/12/2021 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2022) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$6,431.23 |

\*\*\*

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of March 3, 2021, you are 1278 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***: |
| • Payment due 10/01/2020 |
| • Payment due 11/01/2020 |
| • Payment due 12/01/2020 |
| • Payment due 01/01/2021 |
| • Payment due 02/01/2021 |
| • Payment due 03/01/2021 |
| • Current payment due 04/01/2021: $866.71 |

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 3/1/2020 | $14,292.43 | $19,102.37 | $7,199.52 | $0.00 | $40,594.32 |
| 4/1/2021 | $439.89 | $247.08 | $179.74 | $0.00 | $866.71 |
| Total Payments Due | | | | | $42,312.18 |
| Total Fees and Charges | | | | | $6,187.22 |
| Total Amount Due | | | | | $48,499.40 |

\*\*\*

28

| Transaction Activity (2/4/2021 to 2/3/2021) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 2/12/2021 | Late Charge Assessment | $38.93 | |
| 2/16/2021 | County Tax Disbursement | | -$1,662.96 |
| 3/1/2021 | Legal Fee Assessment | $300.00 | |

89. The Account Statement, dated March 3, 2021, stated that *"$34.35 late fee may be charged on or after 4/12/2021."*

90. On March 12, 2021, a $38.93 late fee was assessed to Plaintiff's Loan.

91. Defendant mailed Plaintiff an Account Statement, dated April 7, 2021, providing, in part:

| Account Information—Statement Date: 4/7/2021 | |
|---|---|
| **Account Number** | **[REDACTED]** |
| **Payment Due Date** | **5/1/2021** |
| **Total Amount Due** | **$49,915.04** |
| $34.35 late fee may be charged on or after 5/12/2021 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2022) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$6,431.23 |

***

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of April 7, 2021, you are 1313 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your **Recent Account History**: |
| • Payment due 11/01/2020 |
| • Payment due 12/01/2020 |
| • Payment due 01/01/2021 |
| • Payment due 02/01/2021 |
| • Payment due 03/01/2021 |
| • Payment due 04/01/2021 |
| • Current payment due 05/01/2021: $866.71 |

***

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – | $14,732.32 | $19,349.45 | $7,379.26 | $0.00 | $41,461.03 |

29

| | | | | | |
|---|---|---|---|---|---|
| 4/1/2020 | | | | | |
| 5/1/2021 | $440.85 | $246.12 | $179.74 | $0.00 | $866.71 |
| Total Payments Due | | | | | $43,178.89 |
| Total Fees and Charges | | | | | $6,736.15 |
| Total Amount Due | | | | | $49,915.04 |

***

| Transaction Activity (3/4/2021 to 4/7/2021) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 3/12/2021 | Late Charge Assessment | $38.93 | |
| 3/18/2021 | Foreclosure Expense Assessment | $285.00 | |
| 3/22/2021 | Legal Fee Assessment | $225.00 | |

92.     The Account Statement, dated April 7, 2021, stated that *"$34.35 late fee may be charged on or after 5/12/2021."*

93.     On April 13, 2021, a $34.35 late fee was assessed to Plaintiff's Loan.

94.     Defendant mailed Plaintiff an Account Statement, dated May 5, 2021, providing, in part:

| Account Information—Statement Date: 5/5/2021 | |
|---|---|
| Account Number | [REDACTED] |
| Payment Due Date | 6/1/2021 |
| **Total Amount Due** | **$50,816.10** |
| $34.35 late fee may be charged on or after 6/12/2021 | |
| Outstanding Principal | $127,576.29 |
| This is not the amount to pay off your loan | |
| Interest Rate (Until 3/1/2022) | 4% |
| Prepayment Penalty | No |
| Escrow Balance | -$6,431.23 |

***

| Delinquency Notice |
|---|
| **You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action.** Failure to bring your loan current may result in fees and foreclosure—the loss of your home. As of May 4, 2021, you are 1341 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2017. This is your ***Recent Account History***:
- Payment due 12/01/2020
- Payment due 01/01/2021
- Payment due 02/01/2021
- Payment due 03/01/2021
- Payment due 04/01/2021
- Payment due 05/01/2021
- Current payment due 06/01/2021: $866.71 |

30

\*\*\*

| Explanation of Amount Due | | | | | |
|---|---|---|---|---|---|
| Due Date | Principal | Interest | Escrow | Other Funds | Total |
| 9/1/2017 | $333.55 | $425.25 | $92.35 | $0.00 | $851.15 |
| 10/1/2017 – 5/1/2020 | $15,173.17 | $19,595.57 | $7,559.00 | $0.00 | $42,327.74 |
| 6/1/2021 | $441.82 | $245.15 | $179.74 | $0.00 | $866.71 |
| Total Payments Due | | | | | $44,045.60 |
| Total Fees and Charges | | | | | $6,770.50 |
| Total Amount Due | | | | | $50,816.10 |

\*\*\*

| Transaction Activity (4/8/2021 to 5/5/2021) | | | |
|---|---|---|---|
| Date | Description | Charges | Escrow |
| 4/13/2021 | Late Charge Assessment | $34.35 | |

95.     The Account Statement, dated May 5, 2021, stated that *"$34.35 late fee may be charged on or after 6/12/2021*."

96.     Each Account Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

97.     At no time was the Loan reinstated or attempted to be reinstated by Plaintiff.

## ATTEMPTS TO CORRECT MORTGAGE SERVICING MISTAKES

98.     On or around August 8, 2019, Plaintiff mailed notice of errors and request for information ("NOE #1/RFI #1") to Defendant at 323 5th Street, Eureka, California 95501.

99.     323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on August 8, 2019.

100.     NOE #1/RFI #1 alleged, *inter alia*, that Defendant's April 3, 2019 through August 7, 2019 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

101.     Defendant received NOE #1/RFI #1 on August 13, 2019.

31

102.    Defendant sent an acknowledgment of receipt, dated August 13, 2019, pursuant to 12 C.F.R. § 1024.35(d) and 12 C.F.R. § 1024.36(c).

103.    Defendant sent a response, dated September 25, 2019, providing, in part:

> Our records show that the loan is due for the September 1, 2017 payment, and has a principal balance due of $127,576.29 together with any interest and charges that may be due. By act of Assignment of Mortgage all rights, title, and interest in the note and mortgage documents were transferred and assigned to U.S. Bank Trust National Association as Trustee of Chalet Series III Trust.
>
> Your letter disputes the amount of the indebtedness and the balance shown to be due. I have enclosed copies of the Payment History reflecting the payments received by the servicer. In addition, I am enclosing a Reinstatement that reflects the amount due to bring the account current.

104.    Defendant failed to properly respond to NOE #1/RFI #1.

105.    On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #1.

106.    On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #1.

106.    On or around October 23, 2019, Plaintiff mailed notice of errors and request for information ("NOE #2/RFI #2") to Defendant at 323 5th Street, Eureka, California 95501.

107.    323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on October 23, 2019.

109.    NOE #2/RFI #2 alleged, *inter alia*, that Defendant's April 3, 2019 through October 2, 2019 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

110.    Defendant received NOE #2/RFI #2 on October 29, 2019.

32

111.    Defendant failed to acknowledge receipt of NOE #2/RFI #2 by November 5, 2019.

112.    Defendant failed to respond to NOE #2/RFI #2 by December 13, 2019.

113.    On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #2.

114.    On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #2.

115.    On or around December 17, 2019, Plaintiff mailed notice of errors and request for information ("NOE #3/RFI #3") to Defendant at 323 5th Street, Eureka, California 95501.

116.    323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on December 17, 2019.

117.    NOE #3/RFI #3 alleged, *inter alia*, that Defendant's April 3, 2019 through October 2, 2019 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

118.    Moreover, NOE #3 alleged Defendant's failure to respond to NOE #2/RFI #2.

119.    Defendant sent an acknowledgment of receipt, dated December 31, 2019, pursuant to 12 C.F.R. § 1024.35(d) and 12 C.F.R. § 1024.36(c).

120.    Defendant sent a written request for an extension to respond to NOE #3/RFI #3, dated January 7, 2020, providing, in part:

> This letter is to provide a written request for an extension to respond to your correspondence received on December 23, 2019 requesting SN Servicing Corporation provide information relating to the servicing of the loan identified hereinabove.  Please be advised that I represent U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust and the information with respect to the inquiry shall be provided as required by state and federal law.

33

> Your written request enables the servicer to identify the borrower and lists information sought by the borrower. Your letter requests certain information concerning the account. We are still researching the records to provide this information and will need additional time to respond. Please consider this letter a request for an additional fifteen (15) days to respond.

121. The following day, Defendant sent a response, dated January 8, 2020, providing, in part:

> Our records show that the loan is due for the September 1, 2017 payment, and has a principal balance due of $127,576.29 together with any interest and charges that may be due. A Payoff Statement is enclosed. By act of Assignment of Mortgage all rights, title, and interest in the note and mortgage documents were transferred and assigned to U.S. Bank Trust National Association as Trustee of Chalet Series III Trust.

> The Billing Statement for April 3, 2019 does show the adjustment to your account for prior servicer charges. However the subsequent Billing Statements reflect the amount that was verified. These additional fees and charges have increased due to late charges assessed and advances for taxes and insurance. These amounts are shown in the Payoff Statement.

122. Defendant failed to properly respond to NOE #3/RFI #3.

123. On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #3.

124. On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #3.

124. On or around April 24, 2020, Plaintiff mailed notice of errors and request for information ("NOE #4/RFI #4") to Defendant at 323 5th Street, Eureka, California 95501.

125. 323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on April 24, 2020.

127. NOE #4/RFI #4 alleged, *inter alia*, that Defendant's April 3, 2019 through February 5, 2020 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed

to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

128. Moreover, NOE #4 alleged Defendant's failure to properly respond to Plaintiff's previous notice of errors/requests for information.

129. Defendant received NOE #4/RFI #4 on May 1, 2020.

130. Defendant sent an acknowledgment of receipt, dated May 4, 2020, pursuant to 12 C.F.R. § 1024.35(d) and 12 C.F.R. § 1024.36(c).

131. Defendant sent a response, dated June 15, 2020, providing, in part:

> This debt is represented by a promissory note dated February 22, 2008, in the principal amount of $154,000.00 made by Yury Grenadyor in favor of Open Mortgage. The Note provides for monthly installments that are adjustable based on the charged in the interest rate. Our records show that the loan is due for the September 1, 2017 payment. A copy of the Note is enclosed. By act of Assignment of Mortgage all rights, title and interest in the note and mortgage documents were transferred and assigned to U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust.
>
> Your letter disputes the interest rate change and the balance shown to be due. I have enclosed a copy of the Note reflecting the original lender and the terms for payment. This is an adjustable rate note and the interest rate will change based on the index. The Interest Rate Adjustment Notice is based on this index.

132. Defendant failed to properly respond to NOE #4/RFI #4.

133. On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #4.

134. On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #4.

135. On or around July 8, 2020, Plaintiff mailed notice of errors and request for information ("NOE #5/RFI #5) to Defendant at 323 5th Street, Eureka, California 95501.

35

136. 323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on July 8, 2020.

137. NOE #5/RFI #5 alleged, *inter alia*, that Defendant's April 3, 2019 through February 5, 2020 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

138. Moreover, NOE #5 alleged Defendant's failure to properly respond to Plaintiff's previous notice of errors/requests for information.

139. Defendant failed to acknowledge receipt of NOE #5/RFI #5.

140. Defendant's counsel, Sottile & Barile, sent a response, dated August 4, 2020, providing, in part:

> This letter is in response to your correspondence dated July 8, 2020, requesting SN Servicing Corporation to provide information relating to the servicing of the loan identified hereinabove. Please be advised that I represent U.S. Bank Trust National Association as Trustee of Chalet Series III Trust and the information with respect to the inquiry shall be provided as required by state and federal law.
>
> After reviewing all correspondence and all priors dispute letters that have been submitted it, appears that your concerns and requests have been addressed. Per your instructions, you have stated that we do not send any further certified mail, therefore, this letter is being sent to you via USPS Priority Mail.

141. Defendant, themselves, failed to properly respond to NOE #5/RFI #5.

142. On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #5.

143. On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #5.

36

144.    On or around August 27, 2020, Plaintiff mailed notice of errors and request for information ("NOE #6/RFI #6") to Defendant at 323 5th Street, Eureka, California 95501.

145.    323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on August 27, 2020.

146.    NOE #6/RFI #6 alleged, *inter alia*, that Defendant's April 3, 2019 through March 4, 2020 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019— ultimately, calling Plaintiff's arrears balance into question.

147.    Moreover, NOE #6 alleged Defendant's failure to respond to NOE #5/RFI #5.

148.    Defendant sent an acknowledgment of receipt, dated September 9, 2020, pursuant to 12 C.F.R. § 1024.35(d) and 12 C.F.R. § 1024.36(c).

149.    Defendant sent a written request for an extension to respond to NOE #6/RFI #6, dated October 20, 2020, providing, in part:

> This letter is to provide a written request for an extension to respond to your correspondence, requesting SN Servicing Corporation provide information relating to the servicing of the loan identified hereinabove.  Please be advised that I represent U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust and the information with respect to the inquiry shall be provided as required by state and federal law.
>
> Your written request enables the servicer to identify the borrower and lists information sought by the borrower.  Your letter requests certain information concerning the account.  We are still researching the records to provide this information and will need additional time to respond.  Please consider this letter a request for an additional fifteen (15) days to respond.

150.    Defendant sent a response, dated November 10, 2020, providing, in part:

> This debt is represented by a promissory note dated February 22, 2008, in the principal amount of $154,000.00 made by Yury Grenadyor in favor of Open Mortgage.  The Note provides for monthly installments that are adjustable each year beginning on March 1, 2015 based on the changed in

the interest rate. Our records show that the loan is due for the September 1, 2017 payment. A copy of the Note is enclosed. The interest rate has been adjusted each year based on the index. We have determined the amount of the principal and interest after a determination of the interest rate and amortization of the remaining balance.

Your letter disputes the interest rate change and the balance shown to be due. This is an adjustable rate note and the interest rate will change based on the index. In addition, to the interest rate adjustment there has been an adjustment to the escrow balance due to the delinquency of the payments.

151.    Defendant failed to properly respond to NOE #6/RFI #6.

152.    On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #6.

153.    On information and belief, Defendant failed to conduct a reasonable search for the information requested by RFI #6.

154.    On or around December 10, 2020, Plaintiff mailed notice of errors ("NOE #7") to Defendant at 323 5th Street, Eureka, California 95501.

155.    323 5th Street, Eureka, California 95501 was Defendant's designated address to receive notices of errors and requests for information on December 10, 2020.

156.    NOE #7 alleged, *inter alia*, that Defendant's April 3, 2019 through March 4, 2020 Account Statements falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice, dated January 17, 2019—ultimately, calling Plaintiff's arrears balance into question.

157.    NOE #7 further alleged Defendant's failure to provide annual escrow account statements for the duration of Defendant's servicing of Plaintiff's Loan.

158.    Finally, NOE #7 alleged that Defendant furnished conflicting principal balance amounts in Account Statements ($127,576.29); the Subsequent Interest Rate Adjustment Notice,

dated January 17, 2019 ($121,211.33); and the Subsequent Interest Rate Adjustment Notice, dated January 21, 2020 ($117,389.18)—although no payments were made.

159.    Defendant received NOE #7 on December 24, 2020.

160.    Defendant sent an acknowledgment of receipt, December 29, 2020, pursuant to 12 C.F.R. § 1024.35(d)

161.    Defendant failed to respond to NOE #7 by February 9, 2021.

162.    On information and belief, Defendant failed to conduct a reasonable investigation into errors stated in NOE #7.

### PATTERN AND PRACTICE ALLEGATIONS

163.    Defendant's failure to comply with obligations under RESPA and Regulation X are not isolated incidents; instead, they embody pattern and practice of noncompliance.

164.    As of June 3, 2021, consumers, nationally, have lodged 37 consumer complaints against Defendant; specifically, concerning "loan modification, collection, foreclosure" related to mortgage debt.  Each such complaint is compiled in CFPB publicly accessible Consumer Complaint Database. (https://www.consumerfinance.gov/data-research/consumer-complaints/).

165.    As of June 3, 2021, consumers, nationally, have lodged 32 consumer complaints against Defendant; specifically, "loan servicing, payments, escrow account" related to mortgage debt.  Each such complaint is compiled in CFPB publicly accessible Consumer Complaint Database. (https://www.consumerfinance.gov/data-research/consumer-complaints/).

166.    As of June 3, 2021, consumers, nationally, have lodged five consumer complaints against Defendant; specifically, concerning "false statements or representation" related to mortgage debt.  Each such complaint is compiled in CFPB publicly accessible Consumer Complaint Database. (https://www.consumerfinance.gov/data-research/consumer-complaints/).

167.    Plaintiff's cursory review of this Consumer Complaint Database makes clear that similar RESPA violations have been committed by Defendant.

## DAMAGES

168.    All Plaintiff has sought is an accurate accounting of the payments due on Plaintiff's Loan.

169.    Rather, as result of Defendant's failure to respond to NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7, Plaintiff is forced to endure an ongoing pattern of incorrect account statements, misinformation, and constant anxiety and frustration that Plaintiff's Loan accounting is inaccurate.

170.    Defendant's actions (as well as inactions) have exacerbated Plaintiff's alleged delinquency.

171.    Defendant's inappropriate, lazy handling of alleged mistakes have resulted in economic damages including:

    A.    Postage incurred by Plaintiff in sending NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7;

    B.    Time expended by Plaintiff in preparing NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7; and

    C.    Attorneys' fees incurred by Plaintiff in retaining an attorney to review Defendant's accounting history for the Loan.

172.    In addition to economic damages suffered, Plaintiff sustained non-economic damages in an amount to be determined associated to emotional distress—resulting in anxiety,

depression, embarrassment, loss of sleep, and other significant manifestations of emotional distress.

173.     Defendant's Account Statements deceived Plaintiff into believing that Defendant is entitled to late fees post-acceleration (absent reinstatement).

174.     Defendant's Account Statements deceived Plaintiff into believing that Plaintiff's Loan balance is subject to increase because of monthly late fees.

175.     Defendant's unlawful mortgage servicing practices have resulted in hundreds of dollars in unlawful late fees assessed to Plaintiff's Loan.

176.     Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)
### (*On behalf of Plaintiff and the Members of Putative Class*)

177.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

178.     If late charges are tied to overdue monthly payments, the absence of any monthly payment obligation after acceleration precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs*., 351 F.3d 791, 794 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.")

179.     While the promissory note provides for late fees when a monthly payment has not been made within 10 days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

41

180.    In other words, once Plaintiff's Loan was accelerated, Plaintiff's right and obligation to make monthly payments ceased and no payment due could be considered "late."

### Violation of 15 U.S.C. § 1692e

181.    Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)    The false representation of—
>
> (A)    the character, amount, or legal status of any debt.
>
> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

182.    Defendant's statement that *"$38.93 late fee may be charged on or after 3/12/2020"* is false, deceptive, or misleading as it creates the false impression that Plaintiff is subject to late fees; therefore, violating 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

183.    At the time Defendant sent the Letter to Plaintiff, the Loan had been accelerated.

184.    Because the Loan had been accelerated, Defendant was no longer able to charge late fees on the monthly payments Plaintiff owed.

### Violation of 15 U.S.C. § 1692f

185.    Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42

15 U.S.C. § 1692f(1).

186.     Defendant violated 15 U.S.C. § 1692f(1) by assessing in late fees to Plaintiff's Loan after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

187.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of—

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

      (B)     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1);

43

C.      an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1);

D.      an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.      an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.      an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.      an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Regulation X (12 C.F.R. § 1024 *et seq*. and 12 U.S.C. § 2605(k))**
**(*On behalf of Plaintiff, individually*)**

188.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

189.    12 C.F.R. § 1024.35(a) provides:

(a)  ***Notice of error***.  A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred. A notice on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a notice of error. A qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request.

44

190. Indeed, pursuant to 12 C.F.R. § 1024.35(e)(1)(i), a servicer must respond to a notice of errors in one of two ways—either by correcting the error or, upon conducting a reasonable investigation, notifying the borrower that the servicer has determined that no error has occurred. 12 C.F.R. §§ 1024.35(e)(1)(i)(A), (B).

191. 12 U.S.C. § 2605(k)(1)(C) provides:

(1) **In general**. A servicer of a federally related mortgage shall not—

\*\*\*

(C) Fail to take timely action to respond to a borrower's request to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties.

192. NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7 each meet requirements of notice of errors as defined by 12 C.F.R. § 1024.35(a) as each contained Plaintiff's name, loan number, property address, and stated the errors Plaintiff believed to have occurred. *See* 12 C.F.R. § 1024.35(a)

193. Plaintiff sent NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7 to Defendant at Defendant's designated address to receive notices of errors.

194. Defendant wholly failed to respond to NOE #2, NOE #5, and NOE #7.

195. Defendant failed to correct or perform reasonable investigation into errors alleged in NOE #1, NOE #2, NOE #3, NOE#4, NOE #5, NOE #6, and NOE #7.

196. Defendant's failures have caused Plaintiff to suffer actual damages as alleged *supra*.

197. Defendant's failure to respond to, correct, or properly investigate alleged errors constitutes numerous separate violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E).

45

198.    Defendant's actions are believed to be part of pattern and practice of behavior in conscious disregard for Plaintiff's consumer rights—in abdication of obligations and duties under RESPA and Regulation X.

199.    12 C.F.R. § 1024.36(a) provides:

> (a) *Information request*.  A servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan. A request on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a request for information. A request for a payoff balance need not be treated by the servicer as a request for information. A qualified written request that requests information relating to the servicing of the mortgage loan is a request for information for purposes of this section, and a servicer must comply with all requirements applicable to a request for information with respect to such qualified written request.

200.    Indeed, pursuant to 12 C.F.R. § 1024.36(d)(1), a servicer must respond to an information request by either—providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing, or conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.  12 C.F.R. §§ 1024.36(d)(1)(i), (ii).

201.    Furthermore, pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(B), "[a] servicer must comply with the requirements of paragraph (d)(1) of this section … not later than 30 days

(excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request.

202.    RFI #1, RFI #2, RFI #3, RFI #4, RFI #5, RFI #6, and RFI #7, each meet requirements of information requests as defined by 12 C.F.R. § 1024.36(a) as each contained Plaintiff's name, loan number, property address, and the information Plaintiff was requesting. *See* 12 C.F.R. § 1024.36(a)

203.    Plaintiff sent RFI #1, RFI #2, RFI #3, RFI#4, RFI #5, RFI #6, and RFI #7 to Defendant at Defendant's designated address to receive information requests.

204.    Defendant wholly failed to provide information in response to RFI #2, RFI #5, and RFI #7 in violation of 12 C.F.R. § 1024.36(d).

205.    Defendant failed to conduct reasonable search for the requested information in response to RFI #1, RFI #2, RFI #3, RFI#4, RFI #5, RFI #6 and RFI #7 in violation of 12 C.F.R. § 1024.36(d).

206.    Defendant's failures have caused Plaintiff to suffer actual damages as alleged *supra*.

207.    Defendant's failure to provide information or conduct reasonable search for the requested information constitutes numerous separate violations of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(C) and (E).

208.    Defendant's actions are believed to be part of pattern and practice of behavior in conscious disregard for Plaintiff's consumer rights—in abdication of obligations and duties under RESPA and Regulation X.

209.    Plaintiff may enforce the provisions of 12 C.F.R. §§ 1024.35(e) and 1024.36(d) pursuant to 12 U.S.C. § 2605(f) which provides "[w]however fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1) *Individuals*. In the case of any action by an individual, an amount equal to the sum of—

    (A)    any actual damages to the borrower as a result of the failure; and

    (B)    any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.00.

(3) *Costs*. In addition to the amounts under paragraphs (1) or (2), in the case of any successful action under this section, the costs of the actions, together with any attorney's fees incurred in connection with such action as the court may determine under the circumstances.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Defendant in violation of 12 C.F.R. §§ 1024.35(e) and 1024.36(d);

B.    award any actual damages to Plaintiff as a result of Defendant's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $2,000.00 for each such violation;

D.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

E.    award such other relief as this Court deems just and proper.

## COUNT III:
### Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et *seq*.)
### (*On behalf of Plaintiff and the Members of Putative Class*)

210.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

211.    Section 2 of ICFA provides:

48

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

212.    Defendant violated 815 ILCS 505/2 by engaging in the following acts or practices in the course of mortgage servicing:

A.    Assessing late charges to Plaintiff's Loan after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

B.    Charging inaccurate amounts.

C.    Representing to Plaintiff that they were subject to late charges after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

213.    Defendant's complained-of behavior constitutes unfair methods of competition and unfair and deceptive acts and practices including, but not limited to the use and employment of deception, fraud, misrepresentation and the concealment, suppression, and omission of material facts, with intent that others rely thereon in violation of 815 ILCS 505/2.

214.    Specifically, it is unfair and deceptive for Defendant to assess late fees when they were legally unable to do so.

215.    Moreover, it is unfair and deceptive for Defendant to charge inaccurate/incorrect monthly mortgage payments amounts.

216.    Defendant's complained-of unlawful conduct was willful and intentional, with deceptive intent, making this an exceptional case.

217.    Defendant's complained-of unlawful conduct was intended to be relied upon by Plaintiff to induce Plaintiff into making monthly payments.

218.    Defendant's complained-of unlawful conduct have caused, and will continue to cause, great immediate and irreparable harm to Plaintiff, and consumers generally.

219.    Moreover, Defendant is unjustly enriched by assessing (and ultimately collecting) improper late fees to consumers' mortgages.

220.    Plaintiff (and consumers generally) have no choice except to subject to Defendant's complained-of unlawful conduct.

221.    The substantial injuries complained of are not reasonably avoidable by Plaintiff and are not outweighed by countervailing benefit to Plaintiff.

222.    Defendant's complained-of unlawful conduct violates public policy and sheds light on an industry where business decisions are driven by profit—at expense of consumers.

223.    Punitive damages are warranted as Defendant's complained-of unlawful conduct is outrageous, wanton, and willful, oppressive, against public policy, and demonstrates a conscious disregard and indifference not only for the rights of Plaintiff, but consumers generally who reasonably anticipate that mortgage servicers:

A.   Will communicate accurately and truthfully regarding their mortgage loan accounts;

B.   Will not make false and misleading statements regarding their mortgage loan accounts;

C.   Will adhere to consumer financial laws as well as investor/mortgage servicing guidelines; and

D.   Will not charge fees that they are not entitled to.

224.   Defendant's complained-of unlawful conduct is part of a pattern and practice in which Defendant routinely engages in as part of its business model.

225.   Defendant's actions have caused Plaintiff to suffer actual damages as alleged *supra*.

226.   Punitive damages are warranted to deter Defendant from future misconduct.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

A.   an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.   a finding that Defendant violated 815 ILCS 505/2;

C.   an order enjoining Defendant from further violation(s) of 815 ILCS 505/2;

D.   an award of any actual damages sustained by Plaintiffs and the Members of the Putative Class as a result of Defendant's violation(s);

E.   an award of exemplary and punitive damages for Defendant's unfair and deceptive acts and practices;

51

F.      an award of the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

G.      an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

227.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

228.    Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class")

229.    The FDCPA putative class is defined as follows:

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their right under the mortgage (or by statute) to reinstate.*

230.    The ICFA putative class is defined as follows:

*All persons within the State of Illinois to whom (a) within the three (3) years prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their right under the mortgage (or by statute) to reinstate.*

231.    The following individuals are excluded from the Putative Class: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity:

232.    The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

233.    On information and belief, Defendant services mortgages for hundreds of consumers who fall into the definition of the Putative Class.

234.    Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B.    Commonality and Predominance:

225.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class and those questions predominate over any questions that may affect individual members of the Putative Class.

### C.    Typicality.

226.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D.    Superiority and Manageability.

227.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

228.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

229.    By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

230.    Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.    Adequate Representation.**

231.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

232.    Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

233.    Plaintiff has retained competent and experienced counsel in consumer class action litigation as well as mortgage servicing litigation.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 3, 2021                          Respectfully submitted,

                                                      **YURY GRENADYOR**

                                                      By: *<u>/s/ Joseph S. Davidson</u>*

                                                      Joseph S. Davidson
                                                      LAW OFFICES OF JOSEPH P. DOYLE LLC
                                                      105 South Roselle Road
                                                      Suite 203
                                                      Schaumburg, Illinois 60193
                                                      +1 847-985-1100
                                                      jdavidson@fightbills.com