UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| YURY GRENADYOR, individually, and behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:21-cv-02980 |
| Plaintiff, | ) ) | The Honorable John F. Kness |
| v. | ) ) | |
| SN SERVICING CORPORATION, | ) ) | |
| Defendant. | ) | |

**SN'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant SN Servicing Corporation ("SN"), by its counsel, submits its Memorandum of Law in support of its Motion to Dismiss ("Motion") the First Amended Complaint ("FAC") filed by Plaintiff Yury Grenadyor ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

i

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................. 1

**BACKGROUND FACTS AND ALLEGATIONS** ..................................................... 2

**STANDARD OF REVIEW** .......................................................................................... 5

**ARGUMENT** .................................................................................................................. 6

   **A.** PLAINTIFF'S FDCPA VIOLATION CLAIMS FAIL AS A MATTER OF LAW. ...................... 6

   **B.** PLAINTIFF'S RESPA VIOLATION CLAIMS IS FATALLY DEFICIENT. ........................... 12

      **1.** *Plaintiff's Section 1024.35 Violation Claim Fails as a Matter of Law.* ............... 14

      **2.** *Plaintiff's Section 1024.36 Violation Claim should be Dismissed.* ...................... 15

   **C.** PLAINTIFF'S ICFA CLAIM IS FATALLY DEFICIENT. ....................................................... 17

**CONCLUSION** .............................................................................................................. 21

**TABLE OF AUTHORITIES**

**CASES**

*Antonicic v. HSBC Bank USA, N.A.*
2020 U.S. Dist. LEXIS 53481 (N.D. Ill. 2020)........................................................................ 18

*Arceneaux v. US Bank*
2018 U.S. Dist. LEXIS 240417 (N.D. Ill. 2018)..................................................................... 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)................................................................................................................ 6

*Avery v. State Farm Mut. Auto. Ins. Co.*
216 Ill.2d 100 (Ill. 2005)....................................................................................................... 20

*Bailey v. Sec. Nat'l Servicing Corp.*
154 F.3d 384 (7th Cir. 1998) ............................................................................................... 11

*Balogh v. Deutsche Bank Nat'l Tr. Co.*
2017 WL 5890878 (N.D. Ill. 2017) ................................................................................. 1, 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)................................................................................................................ 6

*Blanton v. Roundpoint Mortg. Servicing Corp.*
2016 U.S. Dist. LEXIS 79246 (N.D. Ill. 2016)..................................................................... 14

*Block v. Seneca Mortg. Servicing*
221 F. Supp. 3d 559 (D.N.J. 2016) ...................................................................................... 10

*Bober v. Glaxo Wellcome PLC*
246 F.3d 934 (7th Cir. 2001) ............................................................................................... 17

*Bozek v. Bank of Am., N.A.*
2018 U.S. Dist. LEXIS 42847 (N.D. Ill. 2018)....................................................................... 7

*Brunett v. Convergent Outsourcing, Inc.*
982 F.3d 1067 (7th Cir. 2020) ............................................................................................... 8

*Bybee v. Kovitz, Shifrin Nesbit*
2019 U.S. Dist. LEXIS 16312 (N.D. Ill 2019) ....................................................................... 7

*Camasta v. Jos. A. Bank Clothiers, Inc.*
761 F.3d 732 (7th Cir. 2014) ......................................................................................... 17, 19

*Cooney v. Chi. Pub. Schs.*
407 Ill. App. 3d 358 (Ill. App. Ct. 2010) ........................................................... 19

*Daw v. Peoples Bank & Tr. Co.*
5 F.App'x 504 (7th Cir. 2001) ........................................................................... 13

*Douzable v. Newrez*
2019 U.S. Dist. LEXIS 231328 (S.D. Fla. Oct. 9, 2019) .................................. 10

*Gajewski v. Ocwen Loan Servicing*
650 F.App'x 283 (7th Cir. 2016) ......................................................................... 7

*Galanis v. Starbucks Corp.*
2016 U.S. Dist. LEXIS 142380(N.D. Ill. 2016) ............................................... 17

*Gburek v. Litton Loan Servicing LP*
614 F.3d 380 (7th Cir. 2010) ............................................................................ 10

*Giotta v. Ocwen Loan Servicing, LLC*
706 Fed.Appx. 421 (9th Cir. 2017) ..................................................................... 9

*Golbeck v. Johnson Blumberg & Assocs., LLC*
2017 U.S. Dist. LEXIS 112493 (N.D. Ill. 2017) ............................................... 20

*Greenberger v. GEICO Gen. Ins. Co.*
631 F.3d 392 (7th Cir. 2011) ............................................................................ 20

*Heinz v. Carrington Mortg. Servs., LLC*
2021 U.S. App. LEXIS 20338 (8th Cir. July 9, 2021) ...................................... 10

*Jones v. Select Portfolio Servicing, Inc.*
2018 U.S. Dist. LEXIS 75886 (S.D.Fla. May 2, 2018) ............................... 10, 11

*Jones v. Wells Fargo Home Mortg., Inc.*
2014 WL 3974261 (N.D. Ill. 2014) ................................................................... 13

*Joussett v. Bank of America, N.A.*
2016 U.S. Dist. LEXIS 138912 (E.D. Pa. 2016) .............................................. 16

*Katica v. Specialized Loan Servicing, LLC*
2015 WL 10765188 (N.D. Ga. 2015) ............................................................... 16

*Kim v. Carter's Inc.*
598 F.3d 362 (7th Cir. 2010) ............................................................................ 19

*Kovacs v. United States*

iv

614 F.3d 666 (7th Cir. 2010) ............................................................................................. 7

*Kurzban v. Specialized Loan Servicing, LLC*
2018 U.S. Dist. LEXIS 53741 (S.D. Fla. 2018)................................................................. 9

*Larkin v. Fin. Sys. of Green Bay*
982 F.3d 1060 (7th Cir. 2020) ........................................................................................... 8

*Lockhart v. HSBC Fin. Corp.*
2014 U.S. Dist. LEXIS 105086 (N.D. Ill. 2014) ........................................................ 5, 8

*McNeal v. J.P. Morgan Chase Bank, N.A.*
2016 U.S. Dist. LEXIS 159561 (N.D. Ill. 2016)....................................................... 2, 19

*Michael v. CitiMortgage, Inc.*, 2017 U.S. Dist. LEXIS 50197, at * 12 (N.D. Ill. 2017)............... 9

*Overstreet v. CIT Mortg. Home Loan Trust 2007-1*
2017 U.S. Dist. LEXIS 37715 (N.D. Ill. 2017)................................................ 17, 18, 19, 20

*Pagan v. Rushmore Loan Mgmt. Servs. LLC*
2020 U.S. Dist. LEXIS 237437 (N.D. Ill. 2020) .................................................... 7, 11

*Perea v. Codilis & Assocs., P.C.*
2019 U.S. Dist. LEXIS 169761 (N.D. Ill. 2019) ............................................................. 8

*Perron v. JP Morgan Chase Bank, N.A.*
2015 U.S. Dist. LEXIS 60460 (S.D. Ind. 2015)........................................................ 1, 14, 15

*Price v. Seterus, Inc.*
2016 U.S. Dist. LEXIS 48028 (N.D. Ill. 2016)............................................................. 18

*Rizzo v. Pierce & Assocs.*
351 F.3d 791 (7th Cir. 2003) ........................................................................................... 12

*Robinson v. Toyota Motor Credit Corp.*
201 Ill.2d 403 (2002)....................................................................................................... 18

*Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*
2019 U.S. Dist. LEXIS 17202 (N.D. Ill. 2019) ............................................................. 9

*Rotkiske v. Klemm*
140 S. Ct. 355 (2019)........................................................................................................ 7

*Ruth v. Triumph P'Ships*
577 F.3d 790 (7th Cir. 2009) ........................................................................................... 11

*Spokeo, Inc. v. Robins*
136 S.Ct. 1540 (2016) ......................................................................................... 8

*Stone v. Medical Bus. Bureau, LLC*
2021 U.S. Dist. LEXIS 112792 (N.D. Ill. 2021) ........................................... 9

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*
861 F.Supp.2d 898 (N.D. Ill. 2012) ................................................................ 19

*Tirado v. Bank of Am., N.A.*
2019 U.S. Dist. LEXIS 165154 (N.D. Ill. 2019).................................... 18, 19

*Wortman v. Rushmore Loan Mgmt. Servs. LLC*
2019 U.S. Dist. LEXIS 178828 (N.D. Ill. 2019) ........................................ 10

*Yepez v. Specialized Loan Servicing, LLC*
2019 U.S. Dist. LEXIS 107362 (N.D. Ill. 2019).......................................... 20

*Zankle v. Queen Anne Landscaping*
311 Ill.App.3d 308 (2000) ................................................................................ 21

## STATUTES

12 U.S.C. § 2605 ............................................................................................. 1, 14
15 U.S.C. § 1692a ................................................................................................ 6
15 U.S.C. § 1692k ................................................................................................ 7
15 U.S.C. §§ 1692e .............................................................................................. 6
15 U.S.C. § 1692f ................................................................................................ 6
15 U.S.C. § 1692 ........................................................................................ PASSIM
815 ILCS 505/2 .................................................................................................. 17

## OTHER AUTHORITIES

10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) ............................ 11

## REGULATIONS

12 C.F.R. § 1024.2 ............................................................................................. 13
12 C.F.R. § 1024.35 ................................................................... 1, 2, 12, 13, 14
12 C.F.R. § 1024.36 ........................................................................... 1, 12, 16

**Introduction**

Plaintiff alleges three claims against SN: (1) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"); (2) violations of 12 C.F.R. §§ 1024.35, 1024.36, and the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k) ("RESPA"); and (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 (the "ICFA"). Plaintiff's FDCPA claims fail because: (1) Plaintiff lacks Article III standing; (2) the statute of limitation bars these claims; (3) Plaintiff failed to comply with the mortgage's notice and cure provisions; (4) the mortgage statements are not misleading; and (5) SN did not send the mortgage statements "in connection with the collection of a debt." Thus, this Court should dismiss Plaintiff's FDCPA claim without leave to amend.

Plaintiff's RESPA claim also fails for several reasons. Initially, RESPA does not apply to Plaintiff's Notice of Errors ("NOEs") because the loan was in default when Plaintiff sent them. Plaintiff's RESPA claim fails for this reason alone. *See e.g.*, *Balogh v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 5890878, at *6 (N.D. Ill. 2017). Plaintiff's RESPA claim also fails because SN responded to the NOEs in accordance with RESPA while several of Plaintiff's NOEs cannot be construed as NOEs or requests for information under RESPA. This Court should grant SN's Motion for this reason also. *See e.g.*, *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017) ("[Defendant's] response almost perfectly complied with its duties under § 2605(e)(2).").

Plaintiff's alleged ICFA violation claim also fails because: (1) Plaintiff cannot allege that he sustained actual damages that were proximately caused by SN's unfair and/or deceptive practices, as required; (2) the Loan's monthly payment amount and the Loan's outstanding balance disclosed in the monthly statements are correct; and (3) the ICFA does

1

not apply to garden variety breach of contract claims, which is what Plaintiff's Complaint alleges. *See e.g.*, *McNeal v. J.P. Morgan Chase Bank, N.A.,* 2016 U.S. Dist. LEXIS 159561, at * 19 (N.D. Ill. 2016) ("For the fee issue, even assuming that the fees were unauthorized or unreasonable, McNeal alleges no actual damages, which is an element of an ICFA claim.").

Accordingly, and as discussed more fully below, this Court should grant SN's Motion, dismiss Plaintiff's FAC in its entirety, with prejudice, and enter judgment in favor of SN.

## Background Facts and Allegations

On o February 22, 2008, Open Mortgage, LLC ("Open Mortgage") extended a $154,000.00 loan to Plaintiff (the "Loan"). *See* Request for Judicial Notice ("RJN") at Ex. 1. A mortgage recorded against real property located at 9009 Golf Road Apt. 5H, Des Plaines, Illinois (the "Property") secures the Loan. *Id.* On September 1, 2017, Plaintiff defaulted on the Loan by failing to make the September 2017 monthly payment and each monthly payment due thereafter. *See* First Amended Complaint ("FAC") at ¶ 22. On November 21, 2018, the Loan was assigned to U.S. Bank Trust, N.A., as Trustee of the Chalet Series III Trust ("U.S. Bank"). *Id.* at ¶ 23. On January 7, 2019, Seterus, Inc. ("Seterus") service transferred the Loan to SN. *Id.* at ¶ 25.

On January 17, 2019, SN sent Plaintiff a "Notice of Interest Rate Adjustment Notice" (the "2019 Notice") advising him that the Loan's $876.12 current monthly payment would increase to $933.57 effective April 1, 2019. *See* FAC at ¶¶ 26-27, RJN at Ex. 2. Per the 2019 Notice, the Loan had a $121,211.33 outstanding balance with a remaining loan term of 228 months at an interest rate of 5.25% effective April 1, 2019. *See* RJN at Ex. 2. On March 6, 2019, SN sent Plaintiff a monthly mortgage statement indicating that a $1,020.96 monthly payment was due April 1, 2019 (the "March 2019 Statement"). *See* FAC at ¶¶ 28-29, RJN at Ex. 3.

2

Using the amounts and loan term disclosed in the 2019 Notice and applying the 5.25% interest rate, the Loan's monthly payment beginning April 1, 2019, was $1,020.96 and breaks down as: (1) $310.92 monthly principal payment; (2) $530.30 monthly interest payment; and (3) $179.74 monthly escrow payments. *See* RJN at Exs. 3-4. The mortgage statements correctly stated that a $1,020.96 payment was due each month between April 2019 and March 2020. *Id.*

On November 21, 2019, SN sent Plaintiff a Notice of Default of Intent to Accelerate (the "NOD") demanding Plaintiff pay $29,056.18 by December 21, 2019 to cure the default. *See* FAC at ¶ 45, RJN at Ex. 5. The NOD advised Plaintiff that SN intended to accelerate the Loan's outstanding balance if Plaintiff did not cure the default by December 21, 2019. *Id.* Plaintiff: (1) alleges he did not cure the default; (2) alleges SN accelerated the Loan on December 21, 2019; and (3) disputes late fees charged after acceleration. *See* FAC at ¶¶ 48-50.

On January 21, 2020, SN sent a Notice of Interest Rate Adjustment Notice (the "2020 Notice") advising Plaintiff that the $1,020.96 monthly payment would decrease to $958.25 on April 1, 2020. *See* FAC at ¶¶ 55-56, RJN at Ex. 6. The 2020 Notice explained that the $958.25 monthly payment amount was calculated using: (1) a 4.25%; annual interest rate (2) a $117,398.18 outstanding Loan balance; and (3) 216 months remaining on the Loan's term. *Id.*

On August 6, 2020, U.S. Bank filed a foreclosure action against Plaintiff in the Circuit Court of Cook County, Case No. 2020CH05285 (the "Foreclosure Action"), which remains pending. *See* RJN at 7. U.S. Bank has been unable to serve Plaintiff with the Foreclosure Action's complaint despite many attempts. *Id.*

### Plaintiff's Notices of Error and/or Requests for Information Allegations

On August 8, 2019, Plaintiff allegedly sent his first Notice of Error and/or Request for Information to SN ("NOE No. 1") contending that the mortgage statements falsely claimed that the Loan's monthly payment was $1,020,96 when the 2019 Notice stated that it should have been

$933.57. *See* FAC at ¶¶ 98, 101, RJN at Ex. 8. On September 25, 2019, SN responded to NOE 1 stating that the Loan is due for its September 1, 2017 payment with a $127,576.29 outstanding balance. *Id.* at ¶ 104, RJN at Ex. 8. SN's response also provided the Loan's payment history and a reinstatement quote with the amount to bring the Loan current. *See* RJN at Ex. 8.

On October 23, 2019, Plaintiff sent SN a second Notice of Error and/or Request for Information ("NOE No. 2"), which Plaintiff titled as a "response" to SN's September 21, 2019 response to NOE No. 1. *See* FAC at ¶¶ 106, 110, RJN at Ex. 9. NOE No. 2 disputed the "Debt in Question" and claimed that SN's original response did not provide any reasonable and logical explanations to the questions asked in NOE No. 1. *Id.*

On December 17, 2019, Plaintiff sent a third Notice of Error and/or Request for Information ("NOE No. 3"), which Plaintiff again characterized as a response to SN's November 21, 2019 letter "about the debt." *See* FAC at ¶¶ 115, 118, RJN at Ex. 10. NOE No. 3 again disputed the "Debt in Question" and again claimed that SN's original response did not provide any reasonable and logical explanations to the questions asked. *Id.* On January 8, 2020, SN responded to NOE No. 3 by: (1) stating the Loan is due for its September 1, 2017 payment with a principal balance of $127,576.29; (2) explaining that the April 3, 2019 mortgage statement shows an adjustment to the Loan for a "prior servicer charge"; (3) explaining that the subsequent mortgage statements "reflect the amount that was verified"; and (4) providing a payoff statement explaining the Loan's outstanding balance. *See* FAC at ¶ 121, RJN at Ex. 10.

On April 24, 2020, Plaintiff sent a fourth Notice of Error and/or Request for Information ("NOE No. 4") separately disputing SN's April 3, 2020 debt validation letter and "the debt." *See* FAC at ¶¶ 124, 128-129, RJN at Ex. 11. On June 15, 2020, SN responded to Plaintiff's NOE No. 4 by: (1) identifying the Loan's current holder; (2) explaining that the Loan's note provides

for adjustable monthly installments based upon changes in the Loan's interest rate; and (3) enclosing a copy of the Loan's promissory note.  *See* FAC at ¶ 132, RJN at Ex. 11.

On July 8, 2020, Plaintiff sent a fifth Notice of Error and/or Request for Information ("NOE No. 5") disputing the Loan's balance and claiming that SN did not properly respond to NOE No. 4.  *See* FAC at ¶¶ 135, 138-139, RJN at Ex. 12.  NOE No. 5 mirrors the four previous NOE letters.  *Id.*  On August 4, 2020, U.S. Bank's Foreclosure counsel responded to NOE No. 5 stating that: "[a]fter reviewing all correspondence and all priors dispute letters that have been submitted it, appears that your concerns and requests have been addressed… Per your instructions, you have stated that we do not send any further certified mail, therefore, this letter is being sent to you via USPS Priority mail." *See* FAC at ¶ 141, RJN at Ex. 12.

On August 27, 2020, Plaintiff sent SN a sixth Notice of Error and/or Request for Information ("NOE No. 6") asserting the same claims alleged in the prior NOEs.  *See* FAC at ¶¶ 144, 147-48, RJN at Ex. 13.  On November 10, 2020, SN responded to NOE No. 6 in the same manner that it responded to the prior NOEs.  *See* FAC at ¶ 151, RJN at Ex. 13.  On December 10, 2020, Plaintiff sent SN a seventh Notice of Error and/or Request for Information ("NOE No. 7").  *See* FAC at ¶¶ 154, 157-158, RJN at Ex. 14.  On February 11, 2021, SN responded to NOE No. 7.  *See* RJN at Ex. 14.

## Standard of Review

"[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief…sufficient to provide defendant with 'fair notice' of the claim and the basis for it."  *Lockhart v. HSBC Fin. Corp.*, 2020 U.S. Dist. LEXIS 192648, at * 8 (N.D. Ill. 2020) (internal quotations and citations omitted).  While a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations...a plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level [and must state] enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 550. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully…[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft,* 556 U.S. at 678. Dismissal is appropriate when the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and thus fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

**Argument**

**A.  Plaintiff's FDCPA Violation Claims Fail as a Matter of Law.**

Plaintiff claims that SN Servicing improperly assessed late fees after accelerating the Loan in March 2020 in violation of 15 U.S.C. §§ 1692e and 1692f. *See* FAC at ¶¶ 182-184, 186. This claim should be dismissed with prejudice for several reasons.

To state a claim for FDCPA violations, Plaintiff must allege that: (1) SN is a "debt collector" pursuant to 15 U.S.C. § 1692a(6); (2) the challenged actions were "in connection with the collection of any debt"; and (3) the actions violated a substantive provision of the FDCPA. *Pagan v. Rushmore Loan Mgmt. Servs. LLC*, 2020 U.S. Dist. LEXIS 237437, at * 5 (N.D. Ill. 2020). Initially, the FDCPA's limitation provision bars Plaintiff's untimely FDCPA

6

claims. An FDCPA suit must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) ("[T]he text of §1692k(d) clearly states that an FDCPA action 'may be brought...within one year from the date on which the violation occurs.' That language unambiguously sets the date of the violation as the event that starts the one-year limitations period."). Here, Plaintiff alleges the first purported FDCPA violation occurred when SN assessed a post-acceleration late fee on January 14, 2020 meaning Plaintiff had to file his FDCPA claim by January 14, 2021. *See* FAC at ¶¶ 49-52, 54. Plaintiff did not file this action until June 3, 2021, nearly five months after the applicable statute of limitation expired. Thus, Plaintiff's FDCPA violation claim is time barred. *See e.g.*, *Bozek v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 42847, at * 18 (N.D. Ill. 2018).

Plaintiff may argue that his FDCPA claim is not time barred because SN's alleged assessment of post-acceleration late fees constitutes a continuing violation. "The continuing violation doctrine acts as a defense to the statute of limitations by delaying its accrual or start date." *Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010). However, courts in the Seventh Circuit regularly hold that the continuing violation doctrine does not apply to FDCPA violation claims. *See e.g.*, *Bybee v. Kovitz, Shifrin Nesbit*, 2019 U.S. Dist. LEXIS 16312, at * 11-12 (N.D. Ill 2019) ("The Seventh Circuit has foreclosed such an argument, holding that continuing violations do not serve to toll the statute of limitations in the context of the FDCPA."); *see also*, *Gajewski v. Ocwen Loan Servicing*, 650 F.App'x 283, 286 (7th Cir. 2016) ("The statute of limitations begins to run upon injury...and is not tolled by subsequent injuries.").

Thus, under applicable Seventh Circuit precedent, Plaintiff's FDCPA claims are time barred while the continuing violation doctrine does not toll the statute of limitations. For this reason alone, this Court should dismiss Plaintiff's FDCPA claims with prejudice. *See e.g.,*

*Lockhart v. HSBC Fin. Corp.*, 2014 U.S. Dist. LEXIS 105086, at * 31 (N.D. Ill. 2014) ("To the extent [plaintiff] contends that the statute of limitation has not run because of an ongoing, continuous pattern and course of conduct—e.g., sending erroneous collection letters and monthly statements—that argument is unavailing.").

Plaintiff separately lacks Article III standing to bring his alleged FDCPA violation claims because he cannot demonstrate an injury-in-fact fairly traceable to SN's conduct of sending mortgage statements with post-acceleration late fees. "A bare statutory violation is not necessarily enough—especially after *Spokeo*—to establish standing." *Perea v. Codilis & Assocs., P.C.*, 2019 U.S. Dist. LEXIS 169761, at * 5 (N.D. Ill. 2019) (citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016)). "An FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." *Larkin v. Fin. Sys. of Green Bay*, 982 F.3d 1060, 1066 (7th Cir. 2020).

Plaintiff fails to allege how monthly statements referencing the possibility of assessing post-acceleration late fees caused him to suffer an injury-in-fact. The Loan has been in default since September 2017 and Plaintiff does not allege that intends to, or even can, cure the Loan's default much less actually pay the post acceleration late fees. *See* FAC at ¶ 22.

Plaintiff may argue that his confusion as to the Loan's outstanding balance and the fees incurred in retaining counsel to "vindicate his rights" confer Article III standing, but this does not support Article III standing. *See e.g.*, *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020) ("A state of confusion is not an injury by itself…[unless] she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe."); *Stone v. Medical Bus. Bureau, LLC*, 2021 U.S. Dist. LEXIS 112792, at * 9 (N.D. Ill. 2021) ("The fact that [plaintiff] felt compelled to reach out to an attorney is also not a

cognizable harm."). Because Plaintiff lacks Article III standing, this Court should dismiss his FDCPA claim without leave to amend.

Plaintiff's failure to comply with the Mortgage's notice and cure requirement also defeats his FDCPA violation claim. Recent case law supports "enforcing the notice and cure provision in cases where the plaintiff brings a statutory claim that is based on actions that the defendant took pursuant to the plaintiff's mortgage." *Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*, 2019 U.S. Dist. LEXIS 17202, at * 10 (N.D. Ill. 2019); *see also*, *Michael v. CitiMortgage, Inc*., 2017 U.S. Dist. LEXIS 50197, at * 12 (N.D. Ill. 2017) (Dismissing FDCPA claim based on fee charged pursuant to mortgage where plaintiff failed to comply with mortgage's notice requirements); *Giotta v. Ocwen Loan Servicing, LLC*, 706 Fed.Appx. 421, 422 (9th Cir. 2017) (Dismissal of an FDCPA claim where plaintiff did not comply with the notice provision.); *Kurzban v. Specialized Loan Servicing, LLC*, 2018 U.S. Dist. LEXIS 53741 (S.D. Fla. 2018) (same).

Importantly, in *Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*, 2019 U.S. Dist. LEXIS 17202, at * 10 (N.D. Ill. 2019), the district court found that plaintiff had to comply with the mortgage's notice and cure provision because plaintiff's FDCPA violation claim "'arises from' actions that [d]efendant purportedly took pursuant to the Mortgage—in particular, adding late fees to the amount that [d]efendant told [p]laintiff would be due if [p]laintiff were to bring her mortgage current." *Id.* at 8-9. The *Rodriguez* court dismissed Plaintiff's FDCPA claim because "[p]laintiff was required to comply with the mortgage's notice and cure provision before filing this suit [and]…[p]laintiff does not allege that she did so." *Id.* at 16.

Paragraph 20 of the Mortgage states in pertinent part:

Neither Borrower nor Lender may commence…any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has

breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. *See* RJN at Ex. 1 at ¶ 20.

Paragraph 20's notice and cure provision apply to Plaintiff's FDCPA claim because charging late fees is an action taken pursuant to Paragraphs 1 and 19 of the Mortgage. *See* RJN at Ex. 1 at ¶¶ 1, 19. If Plaintiff attempts to argue that he complied with the Mortgage's notice and cure provision by providing SN with numerous NOEs, it fails because none of Plaintiff's NOEs reference post acceleration late fees. *See* RJN at Exs. 8-14. Because Plaintiff did not comply with the Mortgage's notice and cure provision, he is barred from bringing this FDCPA claim. *See e.g.*, *Wortman v. Rushmore Loan Mgmt. Servs. LLC*, 2019 U.S. Dist. LEXIS 178828, at * 10 (N.D. Ill. 2019) ("Plaintiffs have not complied with the very terms of their mortgage and as a result are precluded from proceeding with their claims.").

Moreover, the Loan's monthly mortgage statements are not a communication "made in connection with the collection of [the] debt." The FDCPA does not extend to "every communication between a debt collector and a debtor." *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-385 (7th Cir. 2010). Instead of being a communication made in connection with the collection of the Loan, SN sent the mortgage statements in accordance with the requirements and forms provided under TILA and Regulation Z. *See e.g., Jones v. Select Portfolio Servicing, Inc.,* Case No. 18-cv-20389, 2018 U.S. Dist. LEXIS 75886, *7-8 (S.D. Fla. 2018); *Douzable v. Newrez*, Case No. 19-61203, 2019 U.S. Dist. LEXIS 231328, *9-10 (S.D. Fla. 2019); *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 587 (D.N.J. 2016); *Heinz v. Carrington Mortg. Servs., LLC*, 2021 U.S. App. LEXIS 20338 (8th Cir. July 9, 2021) (citing *Bailey v. Sec. Nat'l Servicing Corp.,* 154 F.3d 384, 388-89 (7th Cir. 1998) ("[C]ommunication

was not made in connection with the collection of a debt because it merely described the status of the debtor's account and the consequences of missing future payments.").

Mortgage servicers, such as SN, are required under TILA and Regulation Z to "provide debtors with monthly statements." *Jones*, at *6-7 (citing 12 C.F.R. § 1026.41). As a result, servicers run the risk of violating the FDCPA, in certain circumstances, by attempting to comply with the requirements of TILA and Regulation Z. To resolve this conflict, the Consumer Financial Protection Bureau "issued a bulletin expressly stating that a 'servicer acting as a debt collector would not be liable under the FDCPA for complying with these [TILA monthly mortgage statement] requirements.'" *Jones*, at * 7 (quoting Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013)). Because SN sent the mortgage statements pursuant to TILA and Regulation Z, the statements are not an "attempt to collect a debt" and Plaintiff's FDCPA claim fails.

Finally, Plaintiff's FDCPA violations fail for the added reason that the Loan's monthly statements are not misleading because they: (1) provide the amount necessary to reinstate the Loan; and (2) did not demand full payment of the Loan as Plaintiff was never served with the Foreclosure Action's Complaint. "FDCPA cases regarding allegedly deceptive communications fall into three categories: (1) communications that are plainly not misleading or deceptive; (2) communications that are not plainly misleading or deceptive to an unsophisticated consumer but might be misleading or deceptive; and (3) communications that are misleading on their face." *Pagan v. Rushmore Loan Mgmt. Servs. LLC*, 2020 U.S. Dist. LEXIS 237437, at * 18 (N.D. Ill. 2020) (citations omitted). Where a communication plainly does not mislead or deceive, a court may dismiss the claim. *Ruth v. Triumph P'Ships*, 577 F.3d 790, 800 (7th Cir. 2009).

11

The monthly statements SN sent after the Foreclosure Action's filing merely informed Plaintiff that to invoke his right to reinstate under the Mortgage, he had to pay any late fees that would have been charged had the Loan not been accelerated. *See e.g.*, *Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003) (Defendant did not violate the FDCPA by charging late fees for past-due payments on an accelerated mortgage after reinstatement, because the mortgage allowed those fees to be charged in the event of reinstatement). SN sent the monthly statements to ensure Plaintiff knew the amount needed to reinstate the Loan as the statements: (1) do not demand the Loan's entire outstanding balance; (2) only state the amount necessary to reinstate the Loan; and (3) clearly informed Plaintiff that the "reinstatement figures are subject to change." *See* RJN at Ex. 3. Plaintiff's FDCPA claim fails for this reason also.

Accordingly, this Court should grant SN's Motion and dismiss Plaintiff's FDCPA claim with prejudice and without leave to amend.

**B.      Plaintiff's RESPA Violation Claims is Fatally Deficient.**

Plaintiff claims that SN: (1) did not correct or perform a reasonable investigation and did not provide the information requested in each NOE in violation of 12 C.F.R. §§ 1024.35(e) ("Section 1024.35") and 1024.36(d) ("Section 1024.36"); and (2) did not respond to NOE Nos. 2, 5, and 7 in violation of 12 C.F.R. §§ 1024.35(e) and 1024.36(d). *See*, FAC at ¶¶ 194-197, 204-207. Plaintiff's RESPA claim fails for several reasons.

Initially, RESPA did not apply to Plaintiff's NOEs at the time he sent them. A servicer is "a person responsible for the servicing of a federally related mortgage loan." 12 C.F.R. § 1024.2(b). Servicing is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan...and making the payments to the owner of the loan or other third parties of principal and interest and such

other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract." 12 C.F.R. § 1024.2(b). "Under these definitions, once a borrower defaults on a loan, then there are no longer any scheduled periodic payments to collect and the designated servicer no longer is servicing the loan under RESPA." *Arceneaux v. US Bank*, 2018 U.S. Dist. LEXIS 240417, at * 4 (N.D. Ill. 2018) (quoting *Balogh v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 5890878, at * 6 (N.D. Ill. 2017).

Here, Plaintiff freely admits that he defaulted on the Loan in September 2017 and that he has not made a single monthly Loan payment in nearly four (4) years. *See*, FAC at ¶ 22. Thus, the Loan was in default when Plaintiff sent each of his seven NOEs to SN meaning SN had no obligation to respond to any of Plaintiff's NOEs under either 12 C.F.R. §§ 1024.35 or 1024.36, or at the very least SN had no obligation to respond to any NOEs Plaintiff sent after the Foreclosure Action was filed. *See e.g., Daw v. Peoples Bank & Tr. Co.*, 5 F.App'x 504, 505 (7th Cir. 2001) (RESPA's definition of servicing does not apply once a party has defaulted); *Jones v. Wells Fargo Home Mortg., Inc.*, 2014 WL 3974261, at * 3-4 (N.D. Ill. 2014) (because servicer had not been receiving scheduled payments from plaintiff when it received her letter, it "had ceased servicing [plaintiff's] Mortgage Loan, and...was no longer bound by RESPA requirements to furnish [plaintiff] information."). Accordingly, this Court should grant SN's Motion and dismiss Plaintiff's RESPA violation claim with prejudice and without leave to amend. *See e.g., Arceneaux*, 2018 U.S. Dist. LEXIS at * 5 ("Because [defendant] was not receiving any scheduled periodic payments at the time [borrower] sent his February 9, 2017 letter, [defendant] had no obligation to respond to that letter under either § 1024.34 or § 1024.36.").

13

**1.      Plaintiff's Section 1024.35 Violation Claim Fails as a Matter of Law.**

Plaintiff alleges that SN did not correct the errors identified in the NOEs and that the Loan's monthly statements SN sent between April 2019 and October 2019 "falsely stated Plaintiff's monthly payment to be $1,020.96 as opposed to $933.57 per the Subsequent Interest Rate Adjustment Notice." *See* FAC at ¶¶ 98-163.

"[S]ection 2605(e) [of RESPA] and its corresponding regulations [12 C.F.R. § 1024.35] outline a servicer's obligations with respect to responding to a notice of error." *Blanton v. Roundpoint Mortg. Servicing Corp.*, 2016 U.S. Dist. LEXIS 79246, at * 19 (N.D. Ill. 2016).  A servicer must respond to a notice of error by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction…; or (B) [c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information…for further assistance.  12 C.F.R. § 1024.35(e)(1); *see also,* 12 U.S.C. § 2605(e)(2).

Plaintiff's Section 1024.35 claim fails because the monthly payment amount listed in the Loan's mortgage statements between April 1, 2019 and April 20, 2020 was correct.  Specifically, and as discussed above, the Loan's correct monthly payment between April 2019 and October 2019 was $1,020.96, which is the monthly principal payment amount listed in the monthly statements.  *See* RJN at Exs. 2-3.  Because the Loan's statements correctly listed the monthly principal payment between April 1, 2019 and March 1, 2019, there was no error for SN to correct and Plaintiff's Section 1024.35 violation claim fails.  *See e.g.*, *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017) ("[Plaintiffs] were not harmed by an uncorrected account error because there wasn't an error in the first place.").

Plaintiff's Section 1024.35 violation claim separately fails because SN complied with RESPA in responding to Plaintiff's NOEs that disputed the Loan's monthly payment amount.  Specifically, SN properly responded to Plaintiff's NOEs by:

> (1) Stating the Loan is due for its September 1, 2017 payment with principal balance of $127,576.29; (2) explaining that the April 3, 2019 mortgage statements shows an adjustment to the Loan's account for a "prior servicer charge"; (3) explaining that the subsequent mortgage statements "reflect the amount that was verified"; and (4) providing a payoff statement that explained the Loan's outstanding balance in detail.  *See* RJN at Exs. 8-14.

For this reason also, Plaintiff's Section 1024.35 violation claim fails.  *See e.g.*, *Perron*, 845 F.3d at 857 (Defendant's response "complied with its duties under § 2605(e)(2).").

The duplicate NOEs Plaintiff sent disputing the Loan's monthly principal payment also cannot support a separate RESPA violation as SN satisfied its RESPA obligations by responding to Plaintiff's initial NOE as discussed above.  *See* RJN at Ex. 8, *see also, Perron v. JP Morgan Chase Bank, N.A.,* 2015 U.S. Dist. LEXIS 60460, at * 19 (S.D. Ind. 2015) ("Because the April 27, 2011 correspondence from Borrowers to [defendant] was, in all material respects, a duplicate of the January 10, 2011 QWR that did not seek any additional information as it related to the servicing of the loan, [defendant] had already satisfied its obligation under RESPA to provide this information.").

For all these reasons, this Court should grant SN's Motion and dismiss Plaintiff's Section 1024.35 violation claim with prejudice and without leave to amend.

### 2.        Plaintiff's Section 1024.36 Violation Claim should be Dismissed.

This Court should separately dismiss Plaintiff's Section 1024.36 violation claim because Plaintiff cannot plead such a claim as a matter of law.  Section 1024.36(d) requires a loan servicer to respond within 30 days to a borrower's request for information ("RFI") either by:

(1) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or (2) conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available." 12 C.F.R. § 1024.36.

To state a claim for failure to respond to a request for information, a plaintiff must allege: (1) the defendant is a loan servicer; (2) the plaintiff sent the defendant a valid request under § 1024.36; (3) the defendant did not adequately respond within the statutory period; and (4) plaintiff is entitled to actual or statutory damages. *Katica v. Specialized Loan Servicing, LLC*, 2015 WL 10765188, at \*5 (N.D. Ga. 2015). Plaintiff's boilerplate recharacterization of his NOEs as "RFIs" fails for several reasons. Initially, Plaintiff's Section 1024.36 claim fails for the same reasons his Section 1024.35 violation claim fails.

Plaintiff's Section 1024.36 claim further fails because none of Plaintiff's "RFIs" request any relevant information from SN. Rather, Plaintiff's "RFIs" merely dispute: (1) the Loan's monthly payment amount; (2) certain charges SN, and its predecessors-in-interest, assessed to the Loan; and (3) the Loan's outstanding balance. For example, Plaintiff's NOE No. 3 does not request that SN provide him with certain information relating to the servicing of the Loan. *See,* RJN at 10. Rather, NOE No. 3 "effectively disputes this [d]ebt in [q]uestion" and goes on to dispute the Loan's outstanding balance as well as any charges added to the Loan's outstanding balance. *Id.*

Because Plaintiff's purported RFIs fail to clearly request information relating the servicing of the Loan, and because Plaintiff's RFIs are simply letters demanding SN "validate the debt," this Court should grant SN's Motion and dismiss Plaintiff's Section 1024.36 violation claim with prejudice and without leave to amend. *See e.g.*, *Joussett v. Bank of America, N.A.*, 2016 U.S. Dist. LEXIS 138912, at \* 13 (E.D. Pa. 2016) ("But neither

16

request seems to be a 'request for information' as an ordinary linguistic matter, and [plaintiff] fails to make any showing that either request identified 'the information the borrower is requesting with respect to the borrower's mortgage loan'—the necessary touchstone of a § 1024.36 claim.").

## C.  Plaintiff's ICFA Claim is Fatally Deficient.

Plaintiff claims that SN violated 815 ILCS 505/2 by: (1) assessing post-acceleration late fees without reinstatement of the Mortgage; (2) "failing to communicate with Plaintiff accurately or truthfully; (3) failing to reasonably investigate and properly respond to Plaintiff's NOEs; (4) charging inaccurate amounts; and (5) assessing post-acceleration late fees in the absence of a monthly payment obligation.  *See* FAC at ¶ 212.

"To state a claim under the ICFA, Plaintiff must allege five elements: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's deception." *Overstreet v. CIT Mortg. Home Loan Trust 2007-1*, 2017 U.S. Dist. LEXIS 37715, at * 8 (N.D. Ill. 2017) (quotations omitted).  "The element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014).

A business practice "is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). The conduct "must have misled a reasonable consumer in light of the totality of the information made available to the plaintiff." *Galanis v. Starbucks Corp*., 2016 U.S. Dist. LEXIS 142380, 2016 WL 6037962, at *2 (N.D. Ill. 2016).  "An ICFA claim based on

deceptive conduct must satisfy the particularity requirements of Rule 9(b)." *Overstreet*, 2017 U.S. Dist. LEXIS at * 9. For a business practice to be considered unfair, a court considers: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417 (2002).

Plaintiff's ICFA claim initially fails because Plaintiff has not—and cannot—allege he sustained actual damages proximately caused by SN's unfair and/or deceptive practices. The post-acceleration late fees, and any future foreclosure sale may not result in a surplus for Plaintiff that could be decreased by the fees. Any decrease in any surplus resulting from the Property's foreclosure sale could be caused by many varied factors, such as who bid at the foreclosure sale. Plaintiff does not allege that he paid the late fees. Plaintiff has not made a Loan payment since SN allegedly accelerated the Loan. The same is true for Plaintiff's claim that: (1) SN charged an inaccurate monthly payment amount; and (2) SN violated the RESPA, because Plaintiff has not made a monthly Loan payment since 2018.

Nor do Plaintiff's attorneys' fees and emotional distress damage allegations constitute "actual damages" under the ICFA. *See e.g.*, *Price v. Seterus, Inc.*, 2016 U.S. Dist. LEXIS 48028, at * 21 (N.D. Ill. 2016) ("Neither attorney's fees nor emotional damages constitute actual damages under ICFA."); *Antonicic v. HSBC Bank USA, N.A.*, 2020 U.S. Dist. LEXIS 53481, at * 6 (N.D. Ill. 2020) ("Plaintiffs' claim that the fees' assessment decreased the equity in their property is too speculative to support a contract suit for damages until the fee is approved in a foreclosure suit."); *Tirado v. Bank of Am., N.A.*, 2019 U.S. Dist. LEXIS 165154, at * 18-19 (N.D. Ill. 2019) ("Plaintiff's claim that the fees' assessment decreased the equity she had in the property is too speculative…to state a claim

18

for actual damages); *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 739 (7th Cir. 2014) (citing 815 ILCS 505/10a, *Kim v. Carter's Inc*., 598 F.3d 362, 365 (7th Cir. 2010) ("In a private ICFA action, the element of actual damages requires that the plaintiff suffer actual pecuniary loss."); *Thrasher-Lyon v. Ill. Farmers Ins. Co*., 861 F.Supp.2d 898, 913 (N.D. Ill. 2012) (citing *Cooney v. Chi. Pub. Schs*., 407 Ill. App. 3d 358, 943 N.E.2d 23, 31 (Ill. App. Ct. 2010) (same).

Because Plaintiff has not—and cannot—allege any actual damages proximately caused by SN's supposed unlawful and/or deceptive conduct, his alleged ICFA claim fails. *See e.g.*, *Overstreet*, 2017 U.S. Dist. LEXIS at * 10 ("Plaintiff has not alleged any actual damages for her deceptive practices claim…she has not suffered an 'actual pecuniary loss' as required to pursue her ICFA deceptiveness claim."); *see also, McNeal v. J.P. Morgan Chase Bank, N.A.,* 2016 U.S. Dist. LEXIS 159561, at * 19 (N.D. Ill. 2016) ("For the fee issue, even assuming that the fees were unauthorized or unreasonable, McNeal alleges no actual damages, which is an element of an ICFA claim."); *Tirado v. Bank of Am., N.A*., 2019 U.S. Dist. LEXIS 165154, at * 17 (N.D. Ill. 2019) ("[T]he mere assessment of a fee, without payment, does not constitute an actual pecuniary harm.").

Nor can Plaintiff's allegations that SN charged an inaccurate monthly payment amount support his ICFA claim because the amount listed in the monthly mortgage statements is correct. Thus, Plaintiff's allegations of "inaccurate monthly mortgage statements" cannot support Plaintiff's ICFA claim.

Additionally, Plaintiff's RESPA allegations do not support an ICFA claim for the same reasons that Plaintiff's RESPA violation claims fail, as discussed above. *See e.g.*, *Golbeck v. Johnson Blumberg & Assocs., LLC*, 2017 U.S. Dist. LEXIS 112493, at * 43

(N.D. Ill. 2017) ("Regardless, Plaintiff has failed to state a claim under RESPA and thus cannot avail himself of RESPA to bootstrap his ICFA claim.").

Plaintiff's RESPA allegations also do not support his ICFA claim because Plaintiff has not—and cannot—allege that he suffered an actual pecuniary loss caused by SN's supposed RESPA violations. Plaintiff does not allege that SN's alleged failure to reasonably investigate and respond to NOEs caused him to pay any alleged improper late fee. Plaintiff had not made a monthly Loan payment in 20 months when he sent NOE No. 1. Because Plaintiff had not any monthly payments, and because Plaintiff admits to not paying any of supposed late fees, his ICFA claim is fatally deficient as a matter of law. *See e.g.*, *Yepez v. Specialized Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 107362, at * 13 (N.D. Ill. 2019) ("Plaintiffs' claim consists of some postage and time expenditures plus attorneys' fees in preparing responses to [defendant], and inconvenience and emotional loss, none of which is recoverable under the ICFA.").

Finally, Plaintiff's ICFA claim should be dismissed because the ICFA does not apply to "garden variety" breach of contract claims such as what Plaintiff is essentially alleging against SN in this litigation. *See e.g.*, *Overstreet v. CIT Mortg. Home Loan Trust 2007-1*, 2017 U.S. Dist. LEXIS 37715 (N.D. Ill. 2017), citing *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (The ICFA "is 'not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy.'"); *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill.2d 100, 169 (Ill. 2005) ("A breach of contractual promise, without more, is not actionable under the [ICFA].").

At bottom, Plaintiff's ICFA claim is really a breach of contract of claim alleging that SN breached the Loan's governing documents. Plaintiff claims that: (1) neither the Loan's Note nor

the Mortgage permit SN to assess post-acceleration late fees; and (2) SN breached the Loan's governing documents by supposedly assessing post-acceleration late fees. *See* FAC at ¶ 212.

Because Plaintiff's ICFA claim is nothing more than a breach of contract cause of action in disguise, the ICFA does not apply as a matter of law meaning Plaintiff's ICFA claim fails for this reason also. *See e.g., Zankle v. Queen Anne Landscaping*, 311 Ill.App.3d 308, 313 (2000) ("[B]ecause a naked breach-of-contract claim does not support a [ICFA] claim, plaintiff could not make his prima facie case simply by adducing evidence that defendants did not do what they promised."). Accordingly, this Court should grant SN's Motion and dismiss Plaintiff's ICFA claim with prejudice and without leave to amend.

## Conclusion

WHEREFORE, SN respectfully requests that this Court enter an order dismissing the First Amended Complaint in its entirety and with prejudice as to SN and provide any further and additional relief as it deems necessary and appropriate.

Dated: September 9, 2021.                    Respectfully submitted,

                                             **SN SERVICING CORPORATION,**

Ernest P. Wagner
MAURICE WUTSCHER LLP
105 W. Madison Street, Suite 603
Chicago, Illinois 60602
Tel. (312) 416-6170
Fax: (312) 284-4751
Email: Litigation@mauricewutscher.com

                        By:    /s/ Ernest P. Wagner
                               Ernest P. Wagner

**Certificate of Service**

I hereby certify that on September 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all registered parties, additional copies were served by regular first class and electronic mail to the following:

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
Email: jdavidson@fightbills.com
*Attorneys for Plaintiff*

/s/  Ernest P. Wagner