UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURY GRENADYOR,<br><br>    Plaintiff,<br><br>v.<br><br>SN SERVICING CORPORATION,<br><br>    Defendant. | Case No. 1:21-cv-02980<br><br>Honorable John F. Kness<br><br>Honorable Young B. Kim<br>Magistrate Judge |

## MOTION TO WITHDRAW AS COUNSEL

**NOW COMES** Joseph S. Davidson ("Counsel for Plaintiff"), pursuant to N.D. Ill. L.R. 83.17, seeking to withdraw as counsel to Plaintiff, Yury Grenadyor ("Plaintiff"). In support thereof, Counsel for Plaintiff asserts as follows:

1. On June 3, 2021, Plaintiff filed the current action seeking damages for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), Regulation X, which implements the provisions of the Real Estate Settlement Procedures Act ("RESPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act").

2. Over the past several months, the parties have been engaged in settlement discussions that, if consummated, will resolve this action.

3. During this period, Counsel for Plaintiff has provided extensive counsel to Plaintiff regarding settlement options extended by Defendant, SN Servicing Corporation.

4. During this period, there has been a total and irreconcilable breakdown in the attorney-client relationship, and professional considerations require termination of the relationship.

5. Ethical conduct in the Northern District of Illinois is governed by the Model Rules

1

of Professional Conduct of the American Bar Association, adopted by the Northern District of Illinois.  *See* LR83.50.1 through LR83.58.9.

6. "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."  Rule 1.16(c).

7. Thus, it is clear from the language of Rule 1.16(c) that it is within the sound discretion of this Court whether to allow Counsel for Plaintiff to withdraw.

8. Rule 1.16 also states that "except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client…"  Rule 1.16(b).

9. In the present case, consideration of the stage of the proceedings lends support to grant Counsel for Plaintiff's motion, as the pending action has not progressed to an advanced stage of litigation.

10. Specifically, litigation has not moved past the pleading stage, and the parties have yet to conduct any discovery.

11. "A lawyer may withdraw from representing a client if … the representation … has been rendered unreasonably difficult by the client."  Rule 1.16(b)(5).

12. Although there is little case law on the subject, Illinois courts have occasionally addressed the circumstances under which an attorney's withdrawal from a case is justified.  *See Kannewurf v. Johns*, 260 Ill. App. 3d 66, 632 N.E. 2d 711, 714, 198 Ill. Dec. 381 (Ill. App. Ct. 1994) (withdrawal justified based on client's refusal to negotiate towards settlement); *Leoris & Cohen, P.C. v. McNiece*, 226 Ill. App. 3d 591, 589 N.E.2d 1060, 1065, 168 Ill. Dec. 660 (Ill. App. Ct. 1992) (withdrawal justified based on complete breakdown in attorney-client relationship).

13. Accordingly, Counsel for Plaintiff seeks leave to withdraw as counsel to Plaintiff.

14. In accordance with LR83.17, the Notification of Party Contact Information is attached as Exhibit A.

15. Counsel for Plaintiff certifies that on February 11, 2022, copies of this Motion were served on Plaintiff at 9009 Golf Road, Apartment 5H, Des Plaines, Illinois 60016.

**WHEREFORE**, Counsel for Plaintiff, Joseph S. Davidson, requests the Court enter an Order granting Joseph S. Davidson leave to withdraw as counsel to Plaintiff, Yury Grenadyor; and grant such other relief as the Court deems just and proper.

DATED: February 11, 2022　　　　　　　　Respectfully submitted,

**YURY GRENADYOR**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 S. Roselle Rd.
Suite 203
Schaumburg, IL 60193
+1 847-985-1100
jdavidson@fightbills.com

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney representing Plaintiff, hereby certify that on February 11, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by Certified Mail®, postage prepaid, to the following non-CM/ECF participants:

Yury Grenadyor<br>
9009 Golf Rd.<br>
Apt. 5H<br>
Des Plaines, IL 60016

/s/ *Joseph S. Davidson*