IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YURY GRENADYOR,

    Plaintiff,

        v.

SN SERVICING CORPORATION,

    Defendant.

No. 21-cv-02980

Judge John F. Kness

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yury Grenadyor alleges that Defendant SN Servicing violated the Fair Debt Collection Practices Act ("FDCPA"); the Real Estate Settlement Procedures Act ("RESPA"); and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Defendant moved to dismiss (Dkt. 13) all counts; in response, Plaintiff voluntarily dismissed the FDCPA claim set forth in Count I. (Dkt. 18.) For the reasons that follow, Defendant's motion to dismiss (Dkt. 13) is granted in part. Count II is dismissed with prejudice. And because the Court relinquishes jurisdiction over the remaining state-law claim, Count III is dismissed without prejudice.

## I.    BACKGROUND

On February 22, 2008, Plaintiff purchased a residence with a $154,000 mortgage loan. (Dkt. 10 ¶¶ 16–18.) Through 2017, Plaintiff made monthly payments on the loan. (*Id.* ¶¶ 20–22.) However, on September 1, 2017, Plaintiff defaulted on his mortgage and has not made any payment since. (*Id.* ¶ 22.)

On January 17, 2019, Defendant mailed Plaintiff a Subsequent Interest Rate Adjustment Notice stating his monthly mortgage payment would increase from $876.12 to $933.57 on April 1, 2019. (*Id.* ¶ 27.) On March 6, 2019, Defendant mailed Plaintiff an Account Statement saying that Plaintiff owed $1,020.96 on April 1, 2019, not $933.57. (*Id.* ¶¶ 28–30.) Defendant continued requesting $1,020.96 until December 2019. (*Id.* ¶¶ 30–47.) On December 21, 2019, Defendant accelerated Plaintiff's loan, requiring the value of the loan to be paid in full because Plaintiff continued to fail to make monthly payments. (*Id.* ¶¶ 48–49.) Defendant continued requesting monthly payments and assessed late payment fees until Plaintiff filed this lawsuit. (*Id.* ¶¶ 52–95.)

Between August 2019 and December 2020, Plaintiff sent seven "notice of errors and request for information" (NOE/RFI) letters to Defendant disputing the $1,020.96 that Plaintiff allegedly owed Defendant. (*Id.* ¶¶ 98–163.) Defendant responded to five of these letters, contending that the $1,020.96 payment amount was correct. (*Id.* ¶¶ 104, 121–22, 132, 141, 150.) Plaintiff then sued Defendant in August 2021. (Dkt. 1.)

Plaintiff voluntarily dismissed the FDCPA claim (Count I) in October 2021, leaving only two claims. In Count II, Plaintiff alleges that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond adequately to his NOE/RFI letters between August 2019 and December 2020. In Count III, Plaintiff alleges that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by conducting both deceptive and/or unfair business practices in its attempts to secure payment for Plaintiff's loan.

2

Defendant now moves to dismiss and argues that RESPA did not obligate Defendant to respond to each of Plaintiff's NOEs/RFI letters after Plaintiff defaulted on his mortgage. Defendant also contends that, because Plaintiff had not suffered actual damage from Defendant's actions, Plaintiff could not pursue an ICFA claim.

## II. STANDARD OF REVIEW

A 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated another way, a complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminksi v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). When the court evaluates a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

3

A plaintiff who alleges fraud, however, must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Mere plausibility is insufficient for a fraud claim to survive a motion to dismiss; rather, Rule 9(b) requires a plaintiff to "state with *particularity* the circumstances constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added). It is insufficient for a plaintiff to plead mere conclusory allegations of fraud. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (plaintiffs must "use some . . . means of injecting precision and some measure of substantiation into their allegations of fraud").

A plaintiff pleading fraud must therefore "do more pre-complaint investigation to assure that the claim is responsible and supported 'rather than defamatory and extortionate.'" *Id.*; *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014). And if a plaintiff bases a fraud claim on information and belief, he must also plead the "grounds for his suspicion" to meet 9(b)'s threshold. *Pirello Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2021) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992)). In sum, a complaint alleging fraud must provide all of the information in the first paragraph of any newspaper story, "the who, what, when, where, and how." *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003)).

4

## III.  DISCUSSION

In determining the standards of review for Plaintiff's two remaining claims (Counts II and III), the Court first notes that Plaintiff's RESPA claim is subject to the Rule 12(b)(6) plausibility standard as explained by *Twombly* and *Iqbal*. In contrast, Plaintiff's ICFA claim has two applicable standards. Plaintiff's ICFA fraud claim is governed by Rule 9(b)'s heightened pleading standard, while Plaintiff's ICFA unfair practices claim is analyzed under Rule 12(b)(6).

### A.  Plaintiff's RESPA Claim (Count II)

Plaintiff argues that Defendant violated RESPA's implementing regulations by not responding to his Notice of Error (NOE) letters. (Dkt. 1 ¶ 1.) Under RESPA's regulations, a loan servicer is generally required to respond to NOE letters by "correcting the error" and "providing the borrower with a written notification of the correction" or "conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred." 12 C.F.R. § 1024.35(e)(1)(i)(A–B). Plaintiff simultaneously pleads that his NOE letters also constitute Requests for Information (RFIs), to which servicers may respond by "providing the borrower with the requested information" or "conducting a reasonable search for the requested information," and by "providing the borrower with a written notification" when "the requested information is not available to the servicer." 12 C.F.R. § 1024.36(d)(1)(i–ii). But Defendant was not obligated to respond to the Plaintiff's letters in the first place.

Decisions of the Seventh Circuit and other courts in this District have explained the extent of a defendant's obligations under RESPA. *See, e.g.*, *Daw v. Peoples Bank and Trust Co.*, 5 F. App'x 504, 505 (7th Cir. 2001); *Arceneaux v. U.S. Bank*, 2018 WL 11184658, at \*2 (N.D. Ill. Feb. 27, 2018); *Balogh v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 5890878, at \*6 (N.D. Ill. Nov. 28, 2017); *Bilek v. Bank of Am., N.A.*, 2011 WL 830948, at \*5 (N.D. Ill. Mar. 3, 2011). Taken together, these cases establish a simple rule: a servicer is only bound by Section 1024's obligation to respond to a Notice of Error (NOE) or Request for Information (RFI) when actively "servicing" a loan. As the Seventh Circuit explained in *Daw*, "servicing" is

> [R]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of a loan.

5 F. App'x at 505. When a loan is in default and the borrower is not making payments, a servicer is no longer "servicing the loan" because the servicer is not receiving any scheduled periodic payments. *Balogh*, 2017 WL 5890878 at \*6. And because a "servicer" is the party "responsible for the servicing of a federally related mortgage loan," a party ceases to be a servicer under RESPA once it is no longer servicing a loan. *Arceneaux*, 2018 WL 11184658, at \*2. Accordingly, the former servicer is no longer bound by RESPA's obligation to reply to NOE letters. *Id.*; *see also Daw*, 5 F. App'x at 505 ("Once [defendant] defaulted, there were no longer any scheduled periodic payments to make or to collect, and thus there were no servicing rights to assign, sell, or transfer.").

6

In this case, even if Plaintiff's letters satisfied the requirements to be classified as NOE and/or RFI letters, Defendant was not obligated to respond to Plaintiff's letters under RESPA. Plaintiff defaulted on his loan in 2017, and he had not made a payment since that time. Because Defendant was not receiving "scheduled periodic payments" from Plaintiff at the time Plaintiff sent his letters in 2019, Defendant was not "servicing" his loan under Section 1024.35(e). *See Daw*, 5 F. App'x at 505. As a result, RESPA did not obligate Defendant to respond to Plaintiff.

Although leave to amend "shall be freely given when justice so requires," *see* Fed. R. Civ. P. 15(a), the court "need not allow an amendment . . . when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citations omitted). Amendment here would be futile because the allegations Plaintiff has already made establish that Defendant was not required under RESPA to respond to Plaintiff. Accordingly, the Court dismisses Count II of Plaintiff's complaint with prejudice.

### B.     Plaintiff's Illinois Consumer Fraud and Deceptive Practices Act (ICFA) Claim (Count III)

Because Plaintiff voluntarily dismissed the FDCPA claim in Count I (Dkt. 18) and the Court has dismissed Plaintiff's RESPA claim in Count II, the Court "may decline to exercise supplemental jurisdiction" over the pendent ICFA state-law claim. 28 U.S.C. § 1367(c)(3). As the Seventh Circuit has made clear, although district courts "are not required to dismiss pendent state-law claims once the primary federal claims have been dismissed," *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997), the rebuttable presumption is that the district court "will relinquish federal

jurisdiction over any supplemental state-law claims" when "all federal claims in a suit in federal court are dismissed before trial." *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)).

The Seventh Circuit has identified certain circumstances where the presumption in favor of relinquishing jurisdiction may be rebutted:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). Ultimately, the Court "should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In this case, the Court relinquishes jurisdiction over Plaintiff's ICFA claim (Count III). First, Count III does not suffer from a statute of limitations issue. Second, the Court has not committed substantial judicial resources to resolve this case at the pleadings stage. *See Wright*, 29 F.3d at 1251 (noting that "rarely when a case is dismissed on the pleadings can 'judicial economy' be a good reason to retain jurisdiction."). Third, and finally, although Plaintiff's state law claim arises out of the same set of facts as his federal claims, *see Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999), it is not "absolutely clear" to the Court how to decide Plaintiff's ICFA

8

claim brought in Count III. In dismissing Plaintiff's RESPA claim (Count II), the Court has not "decided an issue dispositive" of the ICFA claim. *Wright*, 29 F.3d at 1251 (citing *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1178 (7th Cir. 1987)). Nor is Plaintiff's ICFA claim "patently frivolous." *Id.* (citing *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992)). Rather, relinquishing jurisdiction over Plaintiff's ICFA claim is the more prudent course.

Accordingly, the Court relinquishes jurisdiction over Plaintiff's ICFA claim (Count III) and dismisses Count III without prejudice.

## IV. CONCLUSION

Defendant's motion to dismiss (Dkt. 13) is granted in part. Count II of Plaintiff's complaint is dismissed with prejudice. Because the Court relinquishes jurisdiction over any remaining state law-based claims, Count III is dismissed without prejudice.

SO ORDERED in 21-cv-02980.

Date: March 28, 2023

_____
JOHN F. KNESS
United States District Judge

9